■ CARLOS PEREZ, Respondent-Appellant, v PARAMOUNT COMMUNICATIONS, INC., et al., Respondents, and MADISON SQUARE GARDEN, L.P., as Successor to MADISON SQUARE GARDEN CENTER, INC., Appellant-Respondent. [668 NYS2d 619] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about June 6, 1996, which granted defendants' motion for summary judgment dismissing the complaint except insofar as made on behalf of defendant Madison Square Garden, unanimously affirmed, without costs.

The complaint was properly dismissed as time-barred as against defendants contractors upon the finding that plaintiff's deposition testimony demonstrated that the accident occurred more than three years before he filed the summons and complaint naming the contractors as defendants. Plaintiff's affidavit in opposition to the motion, which contradicted this prior deposition testimony, was properly rejected (*see, Kistoo v City of New York,* 195 AD2d 403); and plaintiff's documentary evidence did not support his new assertions. Concerning defendant Paramount, the IAS Court correctly found that it was not an "owner" for purposes of Labor Law liability, since its apparent interest in the underlying land did not give it a proprietary interest in the building where the accident occurred and it neither contracted for the work nor had any control over its performance (*cf., Wendel v Pillsbury Corp.,* 205 AD2d 527). Concerning defendant Madison Square Garden, Paramount's lack of ownership gives it at least one defense not available to Madison Square Garden, and therefore, notwithstanding the parent-subsidiary relationship between them, it was error to find Madison Square Garden united in interest with Paramount such that the action was timely commenced against Madison Square Garden (*see, Bari v Wamskau Realty,* 99 AD2d 710, *affd* 64 NY2d 684; *Derso v Volkswagen of Am.,* 159 AD2d 937, 938-939; *Porter v LSB Indus.,* 192 AD2d 205, 215-216). Nevertheless, we affirm, since plaintiff's filing within the limitations period of his motion for leave to add Madison Square Garden as a defendant, which contained a copy of the supplemental summons and amended complaint, should have been deemed a

timely commencement of the action as against Madison Square Garden (*see*, Alexander, 1994 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR C305:2, 1997-1998 Pocket Part, at 95). We have considered the parties' remaining arguments for affirmative relief and find them to be unpersuasive. Concur—Wallach, J. P., Williams, Tom and Andrias, JJ.