■ ROBERT G. KACZOR et al., Respondents, v VANCHEM, INC., et al., Appellants. [691 NYS2d 831] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action to recover damages for injuries allegedly sustained by Robert G. Kaczor (plaintiff) when he was exposed to phosgene and isopropyl chloroformate fumes released from a chemical facility operated by defendant Vanchem, Inc. (Vanchem). Defendant Van DeMark Chemical Co., Inc. (Van DeMark) is a sister company in the same corporate group as Vanchem and operates another chemical facility nearby.

Supreme Court erred in denying that part of defendants' motion for summary judgment seeking dismissal of the complaint against Van DeMark. The complaint alleges tortious conduct by Vanchem, and there is no unity of interest between Vanchem and Van DeMark (see, Feszczyszyn v General Motors Corp., 248 AD2d 939; see also, Perez v Paramount Communications, 247 AD2d 264, affd 92 NY2d 749).

The court also erred in denying that part of defendants' motion seeking dismissal of the complaint against Vanchem insofar as the complaint is based on allegations that plaintiff sustained liver damage, irritable bowel syndrome and chronic fatigue syndrome as a result of the incident.

In support of their motion for summary judgment, defendants submitted the EBT testimony of plaintiff and the testimony of plaintiff's physician at a workers' compensation hearing at which he stated his opinion that the chemical exposure caused plaintiff's liver enzyme levels to rise immediately after the incident and that, although there is no continuing liver dysfunction, worry that such dysfunction might develop has caused irritable bowel syndrome resulting in chronic fatigue syndrome. Thus, according to plaintiff's physician, plaintiff's damages claim hinges on the link between plaintiff's alleged exposure to phosgene and isopropyl chloroformate fumes and plaintiff's elevated liver enzyme levels immediately after the incident.

Refuting that opinion, defendants also submitted expert scientific proof in admissible form that neither phosgene nor isopropyl chloroformate causes elevated liver enzyme levels. Additionally, defendants submitted proof consisting of plaintiff's medical records establishing that plaintiff had elevated liver enzyme levels in 1987, 1988 and 1990, well before the 1991 incident.

The only proof in admissible form submitted by plaintiff in response was the above noted testimony of plaintiff's physician

who, although he admittedly did not know of plaintiff's medical history prior to the incident, gave his opinion that plaintiff's elevated levels may have been caused by the alleged exposure. He did not, however, submit any accepted scientific basis for that opinion. "Not every supposition of a witness concerning what might be has the force of evidence, even though he has been licensed to practice medicine" (*Matter of Miller v National Cabinet Co.*, 8 NY2d 277, 283-284, *mot to amend remittitur granted* 8 NY2d 1025). In the absence of a generally accepted basis in the scientific community for a medical opinion regarding causation, such opinion amounts to "nothing more than personal speculation" (*Stanski v Ezersky*, 228 AD2d 311, 312, *lv denied* 89 NY2d 805).

We modify the order, therefore, by granting defendants' motion in part and dismissing in its entirety the complaint against Van DeMark and dismissing the complaint against Vanchem insofar as it is based on allegations that plaintiff sustained liver damage, irritable bowel syndrome and chronic fatigue syndrome as a result of the incident. (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Denman, P. J., Pine, Wisner, Hurlbutt and Callahan, JJ.