■ In the Matter of the Claim of GREGORY NORBERG, Appellant, v PEPSI COLA BUFFALO BOTTLING CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [781 NYS2d 538]—

Spain, J. Appeals from a decision and an amended decision of the Workers' Compensation Board, filed October 15, 2002 and October 18, 2002, which ruled that the aggravation of claimant's multiple sclerosis was not a causally related injury and denied his claim for workers' compensation benefits.

On December 26, 1997, claimant injured his neck while wrapping plastic wrap around pallets of empty bottles at work. He continued to work, but began to experience numbness in his left side at which time he left work and sought medical treatment. In January 1998, he was diagnosed with multiple sclerosis, although he had exhibited symptoms of this disease prior to the accident. He never returned to work after the day of the accident. A workers' compensation claim was filed and, following a hearing, a Worker's Compensation Law Judge (hereinafter WCLJ) established the case for accident, notice and causal relationship for an injury to claimant's neck. Following additional hearings, the WCLJ made further findings and established the case for aggravation of claimant's multiple sclerosis. The Workers' Compensation Board, however, reversed the WCLJ's decision, finding a lack of sufficient medical evidence supporting a causal relationship between the accident and the aggravation of claimant's multiple sclerosis. Claimant's request for reconsideration and/or full Board review was denied, and these appeals ensued.

We affirm. Upon reviewing the record, we agree with the Board that insufficient medical evidence was presented establishing a causal relationship between claimant's accident and the aggravation of his multiple sclerosis. The physician retained by the employer's workers' compensation carrier to conduct an independent medical examination of claimant unequivocally opined that no such connection existed. While claimant's treating physician stated that such a causal relationship did exist, he conceded that there was no proven scientific data supporting the connection between a traumatic event, such as claimant's accident at work, and the exacerbation of multiple sclerosis symptoms. His opinion concerning causality appears to have been based on the temporal proximity between the accident and claimant's symptoms.

While we note that under the Workers' Compensation Law a medical opinion regarding causation need not "be expressed with absolute or reasonable medical certainty," it must "be reasonably apparent that the expert meant to signify a probability as to the cause and that his [or her] opinion be supported by a rational basis" (*Matter of Van Patten v Quandt's Wholesale Distribs.*, 198 AD2d 539, 539 [1993]; *see Matter of Matusko v Kennedy Valve Mfg. Co.*, 296 AD2d 726, 727 [2002], *lv denied* 99 NY2d 504 [2002]; *Matter of Moreines v Lawrence Nursing Care Ctr.*, 277 AD2d 836, 837 [2000]). "In the absence of a generally accepted basis in the scientific community for a medical opinion regarding causation, such opinion amounts to 'nothing more

than personal speculation' " (*Matter of Kaczor v Vanchem, Inc.*, 262 AD2d 1041, 1042 [1999], quoting *Stanski v Ezersky*, 228 AD2d 311, 312 [1996], *lv denied* 89 NY2d 805 [1996]). Given the admitted absence of a scientific foundation for the opinion of claimant's expert, the Board justifiably disregarded it as speculative. Consequently, we find no reason to disturb the Board's decisions.

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.