■ Frank Aarons, Respondent, v 401 Hotel, L.P., et al., Appellants. 401 Hotel, L.P., et al., Third-Party Plaintiffs-Respondents-Appellants, v J.I. Hass Company, Inc., Third-Party Defendant-Appellant-Respondent. [785 NYS2d 73]—

Order, Supreme Court, Bronx County (Anne E. Targum, J.), entered on or about July 8, 2003, insofar as it denied defendants' motion for summary judgment dismissing plaintiff's claims under common-law negligence and Labor Law §§ 200, 240 and 241, unanimously modified, on the law, the entire complaint dismissed as against defendant 401 Commercial, the claims related to common-law negligence and Labor Law §§ 200 and 241 (6) dismissed as against defendant 401 Hotel, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly. Order, same court and Justice, entered April 22, 2004, insofar as it denied defendant 401 Hotel renewal of the prior motion for summary judgment in the third-party action, unanimously reversed, on the law, without costs, and the motion granted to give 401 Hotel conditional contractual indemnification against third-party defendant; appeal by 401 Commercial from such order unanimously dismissed, without costs, as academic, in light of our disposition on the appeal from the July 8, 2003 order.

The condominium declaration makes clear that 401 Commercial's ownership interest did not include the floor where plaintiff's accident occurred. An undivided interest in the common elements, including the land, does not equate with a proprietary interest in the portion of the building where the ac-

cident occurred sufficient to impose liability (*see Perez v Paramount Communications*, 247 AD2d 264 [1998], *affd on other grounds* 92 NY2d 749 [1999]).

Since there was no proof that 401 Hotel exercised actual supervision or control over the work that brought about plaintiff's injury, the Labor Law § 200 and common-law negligence claims against that defendant should have been dismissed (*see Gonzalez v United Parcel Serv.*, 249 AD2d 210 [1998]).

The work plaintiff was performing, i.e., light scraping, plastering, skim coating and painting, did not constitute "routine maintenance" excluded from the ambit of sections 240 (1) and 241 (6) of the Labor Law. Plaintiff was an employee of a contractor hired to paint several rooms in the hotel, and the scraping was an integral part of that job (*see De Oliveira v Little John's Moving*, 289 AD2d 108 [2001]). Plaintiff has failed, however, to allege violations of Industrial Code regulations sufficient to support his Labor Law § 241 (6) claim, necessitating its dismissal. Inasmuch as there is an issue of fact as to whether plaintiff's actions were the sole proximate cause of his injuries, the motion to dismiss his Labor Law § 240 (1) claim was properly denied.

With regard to indemnification, the purchase orders indicated that third-party defendant entered into a contract with the Hotel Pennsylvania, located at Seventh Avenue and 33rd Street in Manhattan, to work on that building. In performing that work as reflected on the purchase orders, third-party defendant did not believe itself to be dealing with "Ramada Hotel Pennsylvania." As the deed and condominium declaration make clear, 401 Hotel *was* the "Hotel Pennsylvania," and third-party defendant was never under any misapprehension in that regard. The purchase orders were signed by Nicotra, an employee of 401 Hotel. Under these circumstances, 401 Hotel is entitled to conditional contractual indemnification from third-party defendant. Since the only remaining possible basis of 401 Hotel's liability is vicarious under Labor Law § 240 (1), the contractual indemnity would not run afoul of General Obligations Law § 5-322.1. Concur—Tom, J.P., Ellerin, Williams, Lerner and Catterson, JJ.