■ In the Matter of the Claim of PATRICIA ZEHR, Respondent, v JEFFERSON REHABILITATION CENTER et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [792 NYS2d 730]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed September 22, 2003, which ruled that claimant sustained a causally related injury and awarded workers' compensation benefits.

Claimant sought workers' compensation benefits after falling in January 2002 while shoveling snow at her workplace, reportedly sustaining injuries to her back, right arm, right leg and right index finger. Following a hearing, her claim was established and benefits awarded. That decision was affirmed by the Workers' Compensation Board, prompting this appeal by the employer and its workers' compensation carrier.

While the Board is entitled to resolve factual issues presented by expert medical opinion testimony on matters of causality, such testimony must signify a probability as to the cause of the injuries for which compensation is sought and be supported by a rational basis (*see Matter of Van Patten v Quandt's Wholesale Distribs.*, 198 AD2d 539, 539 [1993]). In its decision, the Board stated that it had found a causal relationship between claimant's injury and her workplace fall primarily based on the testimony of claimant's treating physicians, Jocelyn Aznar-Beane and Sarosh Quereshy. However, Aznar-Beane, who treated claimant for back pain in June 2002, testified that she had no opinion as to what caused claimant's back problems and further noted that "it would be pure speculation to say that there was a cause and effect" between claimant's back pain and the incident. Although Aznar-Beane stated on redirect examination that there was a "high likelihood that there is that chance that [the January 2002] incident may have exacerbated and aggravated a [preexisting] lower back problem," she stated nothing more definite on the issue of causality. Aznar-Beane offered no testimony as to whether claimant's other reported injuries were causally related.

As for Quereshy, he initially testified that he could relate claimant's symptoms to her January 2002 fall. Significantly, however, Quereshy failed to provide a basis for his opinion that claimant's injuries were causally related, stating only that he believed claimant's version of events and, in his professional experience, back pain "presents itself in so many different ways." Notably, the first time that Quereshy treated with claimant after the January 2002 incident was in May 2002, when claimant

presented to him with complaints of ankle pain, reporting no recent fall or injury. He stated that claimant's problems with her ankle "could possibly be related to the slip injury and the shoveling injury at work. Hard to say." Quereshy testified that he began treating claimant for her back problems in June 2002 and acknowledged that he did not learn of any alleged connection between her back pain and the January 2002 incident prior to that time. In light of the foregoing and in consideration of the record as a whole, we conclude that the evidence upon which the Board relied was founded on "mere surmise [and] general expressions of possibility" and, therefore, too speculative to provide the requisite substantial evidence for the Board's decision (*Matter of Ayala v DRE Maintenance Corp.*, 238 AD2d 674, 675 [1997], *affd* 90 NY2d 914 [1997]; *see Matter of Chinkel v Fair Harbor Fire Dept.*, 295 AD2d 829, 829-830 [2002]).

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.