JAMES E. JOHNSON, JR., Appellant, v FLATBUSH PRESBYTERIAN CHURCH, Also Known as FLATBUSH CHURCH OF THE REDEEMER, Respondent. [815 NYS2d 260]—

In an action to recover damages for personal injuries, the

plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated August 17, 2005, which denied his motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6).

Ordered that the order is affirmed, with costs.

At the time of the subject accident, the plaintiff was standing at or near the top of an extension ladder plastering the walls and windows at the defendant Flatbush Presbyterian Church, also known as Flatbush Church of the Redeemer. It is undisputed that he was engaged in an activity specifically protected by Labor Law § 240 (1) (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 285 [2003]; *Turisse v Dominick Milone, Inc.*, 262 AD2d 305 [1999]). The plaintiff made a prima facie showing of his entitlement to judgment as a matter of law on the issue of liability with respect to the Labor Law § 240 (1) cause of action. He demonstrated through his own sworn statement and that of a coworker that he was injured when he fell to the floor after the unsecured ladder on which he was working slid backwards (*see Chlap v 43rd St.-Second Ave. Corp.*, 18 AD3d 598 [2005]; *Pineda v Kechek Realty Corp.*, 285 AD2d 496 [2001]). In opposition to the motion, the defendant raised an issue of fact as to whether the plaintiff's conduct was the sole proximate cause of the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City, supra* at 290). The defendant submitted both the FDNY Ambulance Call Report in the certified hospital record containing a purported statement by the plaintiff that the accident occurred because his leg fell asleep, and excerpts from the plaintiff's deposition that he suffered from chronic left leg numbness.

Finally, the plaintiff alleged violations of Industrial Code regulations sufficient to support his Labor Law § 241 (6) cause of action (*see* 12 NYCRR 23-1.21 [b], [d]; *Aarons v 401 Hotel, L.P.*, 12 AD3d 293 [2004]). The Supreme Court, however, properly denied that branch of his motion which was for summary judgment on the issue of liability on that cause of action because there is a triable issue of fact with respect to proximate causation (*see Biafora v City of New York*, 27 AD3d 506 [2006]). Crane, J.P., Goldstein, Lifson and Dillon, JJ., concur.