■ In the Matter of the Claim of ELIDA SHKRELI, Appellant, v INITIAL CONTRACT SERVICES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [868 NYS2d 158]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed December 16, 2005, which, among other things, disallowed the claim for consequential psychiatric disability.

In August 2002, as a result of receiving an electrical shock while at work cleaning offices, claimant fell, hit her head and lost consciousness. A workers' compensation claim was established for the resulting injuries to her neck and back, and those injuries were found to have rendered her permanently partially disabled. When she began to suffer from depression, hearings were held on the issue of whether she also would be entitled to benefits for her psychiatric condition. A Workers' Compensation Law Judge determined that the accident was a precipitating cause of claimant's depression and awarded her additional workers' compensation benefits for the resulting temporary total disability. The Workers' Compensation Board reversed that determination, finding the testimony of the carrier's psychiatrist to be more credible than the testimony of claimant's treating psychiatrist on the issue of causation and concluding that her depression was not attributable to the accident. Claimant appeals and we reverse the Board.

Claimant met her burden of establishing a causal relationship between her employment and her psychiatric condition by submitting her medical records and the testimony of Dushan Kosovich, a board-certified psychiatrist who had treated her

since February 2003 (*see Matter of Mayette v Village of Massena Fire Dept.*, 49 AD3d 920, 922 [2008]; *Matter of De Salvo v Prudential Ins. Co. of Am.*, 248 AD2d 897, 898 [1998]). Kosovich stated unequivocally that the pain and debilitation that claimant suffered due to her workplace accident was the cause of her disabling depression. In addition to diagnosing claimant with postconcussion syndrome, Kosovich cited her disc herniations and her headaches, neck pain and back pain, which he termed severe, chronic and disabling, as the physical causes of her depression. All of those conditions had been previously described and attributed to the 2002 accident in the records of other medical professionals. He also noted the temporal proximity of claimant's depression to her accident and the absence of any prior treatment for or record of depression.

This opinion was disputed by Mark Rubinstein, a psychiatrist who was hired by the workers' compensation carrier to conduct an independent medical exam of claimant in 2003. While agreeing that claimant suffers from major depression, Rubinstein opined that its cause was not her accident in August 2002, but the unrelated stress of her emigration from Albania in 1998, her separation from one of her three children who remained in Europe and having to work as a cleaning lady in this country rather than as a college-educated person in Albania. In forming this opinion, Rubinstein relied primarily on medical reports that minimized the seriousness of claimant's physical injuries. Thus, he referred to her injuries as "relatively benign" and concluded that she was reporting pain "far out of proportion to any objective findings" and had "recruited" the accident to justify her "disproportionate disability."

While it is for the Board to resolve conflicting expert medical testimony, especially where it concerns the issue of causation (*see Matter of Pearson v Bestcare*, 48 AD3d 862, 863 [2008], *lv denied* 10 NY3d 715 [2008]; *Matter of Walker v TNT Red Star Express*, 25 AD3d 945, 946 [2006]), its determinations must be supported by substantial evidence (*see Matter of McDonald v Water Tunnel Contrs.*, 51 AD3d 1151, 1153 [2008]), and it may not rely upon a medical opinion that is purely speculative rather than demonstrating a reasonable probability as to the cause of an injury (*see Matter of Van Patten v Quandt's Wholesale Distribs.*, 198 AD2d 539, 539 [1993]). For a medical opinion regarding causation to qualify as competent evidence, it must "signify a probability as to the cause of the injuries for which compensation is sought and be supported by a rational basis" (*Matter of Zehr v Jefferson Rehabilitation Ctr.*, 17 AD3d 811, 812 [2005]; *see Matter of Mayette v Village of Massena Fire Dept.*, 49 AD3d at 922).

Rubinstein's opinion is not supported by a rational basis. He failed to explain why claimant's depression appeared and she sought psychiatric treatment only after the 2002 accident even though the social factors to which he attributed her depression had been present in her life since 1998. Further, his basic assumption, that claimant's accident produced only mild physical injuries and, thus, her reported pain is disproportionate, is undermined by his having ignored numerous medical records that describe her physical injuries. The injuries attributed to claimant's accident include an electrical shock, a concussion, severe headaches, herniated discs, cervical and lumbar radiculopathy, limited range of motion and muscle spasm. Rather than address those conditions and explain how they are only mild and could not cause her disability, Rubinstein merely stated that he was not convinced that claimant had sustained an electric shock injury or a concussion, and that he did not believe her herniated discs were the cause of her persistent pain. While the record also includes more recent, conflicting reports of claimant's treating chiropractor and the carrier's chiropractor as to whether her physical disability is ongoing, there is no dispute that she previously was found to have a partial physical disability caused by the accident. Finally, Rubinstein admitted that whether claimant's pain is psychogenic or "truly caused by physical pathology, I don't think anyone knows."

We also note that the Board credited Rubinstein's opinion based on its erroneous view that Kosovich had "acknowledged that the claimant's non-work related factors, including a change of professions and the distance from her child, could have caused the depression." The record, however, is clear that when Kosovich was asked, as a "general psychiatric question," whether a change in social circumstances such as that experienced by claimant could result in depression, he answered, "It could, but we don't have any evidence of that happening with [claimant] because she never asked for any help, any psychiatric consultations until this accident happened." Rather, it was Rubinstein who acknowledged on cross-examination that claimant's sense of bereavement and loss of sense of worth, which he attributed to nonwork-related factors, could have been caused by claimant's physical pain and disability.

Since claimant had not been treated for depression prior to her accident and the record is devoid of an opinion by an orthopedic or neurological specialist that her back and neck injuries could not have caused the pain and incapacity that she reported, Rubinstein's opinion is "too speculative to demonstrate 'a sufficient relationship' between" claimant's depression and the

nonwork-related factors (*Matter of Chinkel v Fair Harbor Fire Dept.*, 295 AD2d 829, 830 [2002], quoting *Matter of Scofield v City of Beacon Police Dept.*, 290 AD2d 845, 846 [2002]). As a result, Kosovich's opinion that the accident was a cause of claimant's depression is effectively uncontroverted and the Board improperly rejected it in the absence of substantial evidence supporting a contrary conclusion (*see Matter of O'Malley v Consolidated Edison Co. of N.Y.*, 301 AD2d 814, 815 [2003]; *Matter of Ayala v DRE Maintenance Corp.*, 238 AD2d 674, 675 [1997], *affd* 90 NY2d 914 [1997]; *see also Matter of Lopez v Superflex, Ltd.*, 31 AD3d 914, 915 [2006]).

Mercure, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.