■ In the Matter of the Claim of DIANE NORTON, Respondent, v NORTH SYRACUSE CENTRAL SCHOOL DISTRICT, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [874 NYS2d 302]—

Kavanagh, J. Appeal from a decision of the Workers' Compensation Board, filed February 1, 2007, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

Claimant alleged that on December 12, 2005, during the course of her employment as a school bus attendant, she sustained an injury to her left foot when she fell trying to assist a wheelchair-bound student. When the pain in her foot worsened, claimant saw her physician in January 2006 and then was referred to an orthopedist. In February 2006, claimant was examined by Brett Greenky, a board-certified orthopedic surgeon, who ultimately diagnosed claimant with a fractured bone in her heel. After filing for workers' compensation benefits, a hearing was held and, at its conclusion, a Workers' Compensation Law Judge found sufficient evidence of a causal relationship between the nature of claimant's employment and her disability, established the case and made an award of benefits. Upon review, the Workers' Compensation Board affirmed this decision. Claimant's self-insured employer now appeals.

"It is axiomatic that a claimant bears the burden of establishing a causal relationship between his or her employment and a disability by the proffer of competent medical evidence" (*Matter of Williams v Colgate Univ.*, 54 AD3d 1121, 1122 [2008] [cita-

tions omitted]; *see Matter of Mayette v Village of Massena Fire Dept.*, 49 AD3d 920, 922 [2008]). To meet this burden, "a medical opinion on the issue of causation must signify 'a probability as to the underlying cause' of the claimant's injury which is supported by a rational basis" (*Matter of Mayette v Village of Massena Fire Dept.*, 49 AD3d at 922, quoting *Matter of Paradise v Goulds Pump*, 13 AD3d 764, 765 [2004]). While the Board may rely upon a medical opinion as to causation even if it is not absolute or made with medical certainty (*see Matter of Norberg v Pepsi Cola Buffalo Bottling Corp.*, 10 AD3d 740, 741 [2004]; *Matter of Van Patten v Quandt's Wholesale Distribs.*, 198 AD2d 539 [1993]), the Board may not "fashion a medical opinion of its own" (*Matter of Sullivan v Sysco Corp.*, 199 AD2d 849, 851 [1993]), nor may it "rely upon a medical opinion that is purely speculative rather than demonstrating a reasonable probability as to the cause of an injury" (*Matter of Shkreli v Initial Contract Servs.*, 55 AD3d 1067, 1068 [2008]).

Even giving deference to the Board's credibility determinations and crediting claimant's testimony as to the December 2005 accident and resulting injury to her foot, the medical evidence did not demonstrate a reasonable probability that her fracture was linked to this accident. While Greenky testified how a fracture such as the one claimant sustained can occur and stated that claimant's report of the December 2005 injury was "[p]otentially consistent" with the fracture that she sustained, he also plainly stated, "I don't have an opinion about when it happened and how it happened." Greenky also testified that it is possible for a person such as claimant, who suffers from osteopenia,* to sustain such a fracture "without a specific event over a period of time." Moreover, Greenky's medical records do not consistently attribute her injury to a work-related accident. In fact, Greenky's report from his initial examination indicates that claimant's pain "came on insidiously," i.e., without a specific injury. As a result, Greenky's testimony falls short of the required degree of medical proof (*see Matter of Mayette v Village of Massena Fire Dept.*, 49 AD3d at 920; *Matter of Dechick v Auburn Correctional Facility*, 38 AD3d 1094, 1095 [2007]; *Matter of Zehr v Jefferson Rehabilitation Ctr.*, 17 AD3d 811, 813 [2005]), and the Board's resulting determination lacked a rational basis and was not supported by substantial evidence (*see Matter of Zehr v Jefferson Rehabilitation Ctr.*, 17 AD3d at 813).

Cardona, P.J., Peters and Stein, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the

---

* Osteopenia is low bone density.

Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.