*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 2, 2016                    521584
_____

In the Matter of the Claim of
    CHRISTOPHER HARTIGAN,
                        Respondent,

        v

ALBANY COUNTY SHERIFF'S                MEMORANDUM AND ORDER
    DEPARTMENT et al.,
                        Appellants.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:  April 29, 2016

Before:  McCarthy, J.P., Egan Jr., Rose and Aarons, JJ.

                    _____

        Walsh & Hacker, Albany (Peter J. Walsh of counsel), for
appellants.

        The Law Firm of Alex Dell, Albany (Nicholas A. Fusco of
counsel), for Christopher Hartigan, respondent.

                    _____

Rose, J.

        Appeal from a decision of the Workers' Compensation Board,
filed December 3, 2014, which ruled that claimant sustained an
accidental injury arising out of and in the course of his
employment.

Claimant, a correction officer, filed a claim for workers' compensation benefits asserting that he suffered a work-related myocardial infarction on the morning of April 4, 2013. Following a hearing, a Workers' Compensation Law Judge found that claimant had sustained a work-related injury and awarded him benefits. The self-insured employer and its third-party administrator (hereinafter collectively referred to as the employer) filed an application for review and the Workers' Compensation Board upheld the decision of the Workers' Compensation Law Judge. The employer now appeals.

Initially, we need not consider the applicability of Workers' Compensation Law § 21 inasmuch as the Board's finding of causal relationship was not based upon the presumption contained therein but, instead, upon the medical evidence and testimony adduced at the underlying hearing (see Matter of Roberts v Waldbaum's, 98 AD3d 1211, 1211-1212 [2012]; Matter of Tompkins v Sunrise Heating Fuels, 271 AD2d 888, 888 [2000]). Turning to the merits, it was claimant's burden to establish by competent medical evidence that the myocardial infarction he sustained was causally related to his employment (see Matter of Venditti v D'Annunzio & Sons, 128 AD3d 1303, 1304 [2015]; Matter of Anderson v New York City Dept. of Design & Constr., 121 AD3d 1146, 1147 [2014]). Where medical proof is relied upon to demonstrate such a causal relationship, it must signify a probability of the underlying cause that is supported by a rational basis and not be based upon a general expression of possibility (see Matter of Lichten v New York City Tr. Auth., 132 AD3d 1219, 1219-1220 [2015]).

Here, claimant testified that, on the morning in question, after delivering two heavy food carts from the correctional facility's kitchen to certain cell tiers, he experienced chest pain, began to sweat profusely and had difficulty breathing. After claimant's second visit to his employer's medical department due to these symptoms, a colleague drove him to a hospital where he was later diagnosed as having sustained a

myocardial infarction at some time on that day.  Although two
cardiologists testified that claimant had multiple risk factors,
including obesity, high blood pressure, hyperlipidemia, diabetes
and a family history of heart disease, neither one offered an
opinion as to whether claimant's specific activities at work that
morning were a cause of his myocardial infarction.  After
conducting an independent medical examination of claimant, the
employer's medical expert opined that claimant's myocardial
infarction was not caused by work-related physical activity and,
instead, was suffered hours later after he underwent a stress
test at the hospital.  This expert's opinion as to the timing of
the infarction was based in part on a "bump" in cardiac enzymes
shown in a blood test performed after the stress test.

To counter this opinion as to causal relationship, claimant
relies on the testimony of his treating cardiologist.  Due to his
unfamiliarity with claimant's work activities on the morning in
question, claimant's cardiologist initially declined to offer an
opinion as to whether his myocardial infarction was causally
related to his employment.  In response to a hypothetical posing
the type of physical activity that claimant had engaged in that
morning, the cardiologist stated only that, based on claimant's
risk factors, any stress or physical exertion could have caused
the myocardial infarction.  Later, when asked to clarify this
opinion, he stated, "I don't know how was (sic) [claimant's] work
situation or what happened that particular day, but stress . . .
can be [an] aggravating factor in the presence of risk factors."

While the Board is entitled to resolve conflicting medical
opinions, there must be "medical opinion evidence regarding the
probability of a causal relationship supported by a rational
basis; a general expression of possibility will not suffice"
(Matter of Dizenzo v Henderson & Johnson, 114 AD3d 1014, 1014
[2014]; see Matter of Zehr v Jefferson Rehabilitation Ctr., 17
AD3d 811, 813 [2005]).  Here, because the testimony of claimant's
treating cardiologist expressed merely the possibility that the
physical activities in which claimant engaged could have caused
his myocardial infarction, such testimony falls short of the

required degree of medical proof.  As a result, the Board's determination based upon that testimony lacked a rational basis and was not supported by substantial evidence (see Matter of Norton v North Syracuse Cent. School Dist., 59 AD3d 890, 891 [2009]; Matter of Zehr v Jefferson Rehabilitation Ctr., 17 AD3d at 813).

McCarthy, J.P., Egan Jr. and Aarons, JJ., concur.

ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court