*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 6, 2016                522128
_____

In the Matter of the Claim of
    BRUNO DONATO,
                        Appellant,

        v

TACONIC CORRECTIONAL FACILITY          MEMORANDUM AND ORDER
    et al.,
                        Respondents.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:   September 14, 2016

Before:  McCarthy, J.P., Lynch, Rose, Devine and Mulvey, JJ.

                    _____


        Law Office of Joseph A. Romano, New York City (Joseph A.
Romano of counsel), for appellant.

        William O'Brien, State Insurance Fund, Melville (Peter
Lampasona of counsel), for Taconic Correctional Facility and
another, respondents.


                    _____


Rose, J.

        Appeal from a decision of the Workers' Compensation Board,
filed January 27, 2015, which ruled that claimant did not sustain
a causally related injury and denied his claim for workers'
compensation benefits.

        In July 2013, claimant, a correction officer, was diagnosed
with acute bronchitis and reactive airway disease secondary to an
infection and, as a result, was out of work from July 29, 2013

through September 16, 2013. He filed a claim for workers' compensation benefits asserting that his diagnosis was the result of his exposure to bacteria while transporting a prisoner aboard a commercial flight. Following a hearing, a Workers' Compensation Law Judge found that claimant established a causal relationship between his diagnosis and his employment and awarded benefits for the period of time that he was out of work. Upon review, the Workers' Compensation Board reversed, finding that the medical evidence submitted by claimant was insufficient to support an award of benefits. Claimant appeals and we affirm.

Initially, we need not consider the applicability of Workers' Compensation Law § 21 inasmuch as the determination as to causal relationship, or the lack thereof, in this matter was not based upon the presumption contained therein but, instead, upon the medical evidence and testimony adduced as part of the underlying hearing (see Matter of Hartigan v Albany County Sheriff's Dept., 140 AD3d 1258, 1259 [2016]; Matter of Roberts v Waldbaum's, 98 AD3d 1211, 1211 [2012]). Turning to the merits, it was claimant's burden to establish a causal relationship between his pulmonary injury and his workplace activities (see Matter of Hartigan v Albany County Sheriff's, 140 AD3d at 1259; Matter of Dizenzo v Henderson & Johnson, 114 AD3d 1014, 1014 [2014]). Where, as here, "medical proof is relied upon to demonstrate the existence of a causal relationship, it must signify a probability of the underlying cause that is supported by a rational basis and not be based upon a general expression of possibility" (Matter of Granville v Town of Hamburg, 136 AD3d 1254, 1255 [2016] [internal quotation marks and citation omitted]).

Claimant testified that, one day after transporting a prisoner aboard a commercial airline flight, he became short of breath and, over the following two days, the symptoms progressed to the point where he was having difficulty breathing such that he checked himself into the hospital. At the hospital, claimant was diagnosed with acute bronchitis and reactive airway disease secondary to an infection. He claims that the acute bronchitis and reactive airway disease was caused by his exposure to airborne bacteria or viruses on the flight. In support of his claim, claimant offered the reports of two of his treating

physicians, Avraham Henoch and Reno DiScala.  Henoch's report indicated that claimant was a passenger on an airplane that was reported to have bad ventilation.  However, Henoch offered no specific opinion as to whether this was the cause of claimant's acute bronchitis or restrictive airway disease.  Further, although DiScala testified that claimant's diagnosis was the result of this work-related travel, he based his opinion on his general assertion that upper respiratory illnesses are commonly caused by air travel.  On cross-examination, however, he acknowledged that claimant could have contracted the subject infection anyplace and that, based on the history of air travel reported by claimant, he made the assumption that claimant contracted the underlying infection while on the airplane.  Sotirios Kassapidis, a specialist in pulmonary critical care who examined claimant while he was in the hospital and was provided with the same medical history, testified that he could not form any opinion with regard to causality.  While the Board can certainly rely upon a medical opinion as to causation even if it is not absolute or certain (see Matter of Norton v North Syracuse Cent. School Dist., 59 AD3d 890, 891 [2009]), it is also free to disregard the medical evidence that it finds unconvincing (see Matter of Mazayoff v A.C.V.L. Cos., Inc., 53 AD3d 890, 892 [2008]).  Where, as here, the only evidence submitted in support of causal relationship is speculative, it fails to demonstrate a reasonable probability as to the cause of an injury and, in turn, falls short of the required degree of medical proof.  Accordingly, we find that the Board's decision denying claimant benefits was supported by substantial evidence (see Matter of Mazayoff v A.C.V.L. Cos., Inc., 53 AD3d at 892).

McCarthy, J.P., Lynch, Devine and Mulvey, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court