*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 8, 2016            522942
_____

In the Matter of the Claim of
    MARIA HANSEN,
                    Respondent,

        v

SAKS FIFTH AVENUE et al.,            MEMORANDUM AND ORDER
                    Appellants.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____


Calendar Date:  October 21, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ.


_____


        Law Offices of Lois Law Firm LLC, New York City (Thomas W. Park of counsel), for appellants.

        Eric T. Schneiderman, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board respondent.


_____


Egan Jr., J.

        Appeal from a decision of the Workers' Compensation Board, filed June 22, 2015, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

        Claimant was employed with a major department store as a cash auditor for a total of 14 years and, for the last seven of those years, served as a general office supervisor.  Claimant resigned from her employment in May 2013 and, in March 2014, applied for workers' compensation benefits — alleging that she

suffered from, insofar as is relevant here, carpal tunnel syndrome due to the repetitive tasks necessitated by her job duties. Following a hearing, a Workers' Compensation Law Judge found, among other things, that claimant had established an occupational disease for bilateral carpal tunnel syndrome and was disabled as of December 2, 2013; claimant was awarded benefits effective March 17, 2014.[1] The Workers' Compensation Board affirmed that decision, and the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) now appeal.

We affirm. "Claimant bore the burden of establishing, by competent medical evidence, that a causal connection existed between [her injury] and [her] employment" (Matter of Granville v Town of Hamburg, 136 AD3d 1254, 1255 [2016] [citations omitted]; see Matter of Jaquin v Community Covenant Church, 69 AD3d 998, 999 [2010]). Where, as here, medical proof is offered to demonstrate that causal relationship, such proof "must signify a probability as to the underlying cause of the claimant's injury which is supported by a rational basis" (Matter of Norton v North Syracuse Cent. School Dist., 59 AD3d 890, 891 [2009] [internal quotation marks and citations omitted]; see Matter of Hartigan v Albany County Sheriff's Dept., 140 AD3d 1258, 1259 [2016]). That said, the Board may rely upon the medical opinion rendered even if such opinion "is not absolute or made with medical certainty" (Matter of Norton v North Syracuse Cent. School Dist., 59 AD3d at 891).

Here, claimant testified that her job duties required her to count cash receipts by hand for approximately two hours each day; according to claimant, she also frequently used the computer and answered telephones, but was not provided with any assistive devices. Although claimant further testified that her symptoms began during the course of her employment, she acknowledged that she did not seek medical attention until after she voluntarily left her position for unrelated reasons. As to the medical proof adduced, nerve conduction tests performed on claimant in December

---

[1] No medical evidence was adduced as to the intervening period and, hence, no benefits were awarded for that time frame.

2013 showed "evidence [of] severe median neuropathies at the wrists on both sides suggestive of [a] clinical diagnosis of bilateral severe carpal tunnel syndrome[]."  With respect to the issue of causation, both claimant's treating physician and the independent medical examiner who examined claimant on behalf of the employer in May 2014 testified that claimant's injury could be related to her years of performing repetitive tasks at work. While such testimony arguably was equivocal and, as such, fell short of establishing the requisite causal connection between claimant's injury and her employment, the Board properly relied upon a supplemental report filed by the independent medical examiner in July 2014 — issued after he reviewed the results of the nerve conduction tests — wherein he acknowledged that claimant showed evidence of severe bilateral carpal tunnel syndrome and attributed such injury to the "repetitive strain . . . to her wrists from working with computers and counting cash regularly."  As such opinion "signif[ies] a probability as to the requisite causal connection" between claimant's injury and her employment (Matter of Estate of Mutusko v Kennedy Valve Mfg. Co., 296 AD2d 726, 727 [2002], lv denied 99 NY2d 504 [2002]) and is supported by a rational basis in the record, we discern no grounds upon which to disturb the Board's award of workers' compensation benefits to claimant (see Matter of Hicks v Hudson Val. Community Coll., 34 AD3d 1039, 1040-1041 [2006]).  The employer's remaining contentions, to the extent that they are properly before us, have been examined and found to be lacking in merit.

McCarthy, J.P., Lynch, Clark and Aarons, JJ., concur.

ORDERED that the decision is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court