■ In the Matter of the Claim of ROBIN C. BORDONARO, Appellant, v GENESEE COUNTY SHERIFF'S OFFICE, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [50 NYS3d 628]—

Lynch, J. Appeal from a decision of the Workers' Compensation Board, filed November 30, 2015, which ruled that decedent's death did not arise out of and in the course of his employment and denied claimant's claim for workers' compensation death benefits.

Decedent, a deputy sheriff, died while asleep at home and claimant, decedent's spouse, applied for workers' compensation death benefits. Following hearings, a Workers' Compensation Law Judge established the claim. Upon review, the Workers' Compensation Board reversed and disallowed the claim, finding no causal relationship between decedent's death and his employment. Claimant now appeals.[1]

We affirm. Claimant argues that the presumption of compensability pursuant to Workers' Compensation Law § 21 is applicable because decedent's initial injury occurred while he was at work (*see Matter of Stevenson v Yellow Roadway Corp.*, 114 AD3d 1057, 1058 [2014]; *Matter of Koenig v State Ins. Fund*, 4 AD3d 671, 672 [2004]). The death certificate and autopsy report both noted that decedent died at home from coronary artery disease. Although decedent was observed occasionally rubbing his chest, taking antacids and acting lethargic in the days prior to his death, those observations occurred both at work and at home. Moreover, decedent was able to perform his

---

1. We note that claimant's notice of appeal refers to an incorrect date of filing of the Board's decision. Inasmuch as there has been no claim of prejudice, we will disregard the error and address the merits of claimant's appeal (*see* CPLR 5520 [c]).

normal activities, both during and outside of work, up to the time of his death, and there is no indication in the record that he sought medical attention at any time. In light of the lack of evidence that any injury ultimately resulting in death occurred at work, we cannot say that the Board erred in concluding that decedent was not in the course of his employment when he died and that the statutory presumption was therefore inapplicable (*see Matter of Bailey v Binghamton Precast & Supply Corp.*, 103 AD3d 992, 993-994 [2013]; *compare Matter of Koenig v State Ins. Fund*, 4 AD3d at 672).

Regarding the issue of causal relationship, "claimant bore the burden of establishing—by competent medical evidence—that a causal connection existed between decedent's death and his employment" (*Matter of Bailey v Binghamton Precast & Supply Corp.*, 103 AD3d at 994; *see Matter of Droogan v Raymark Indus., Inc.*, 59 AD3d 803, 804 [2009]). To that end, claimant presented the opinion of Clifford Ameduri, who is board certified in physical medicine and rehabilitation. Ameduri reviewed the death certificate, autopsy report and incident reports regarding decedent's work activities during the days leading up to his death. In his written report, Ameduri opined that decedent died from an acute myocardial infarction caused by work-related stress. During his testimony, Ameduri acknowledged that the autopsy report found that decedent had up to a 95% blockage due to atherosclerosis of the left anterior coronary artery and up to a 90% blockage due to atherosclerosis of the right and left circumflex coronary arteries and that atherosclerosis is chronic damage to the arteries that takes place gradually over time. Ameduri also noted that the autopsy report, which attributed the cause of death solely to coronary artery disease, reported evidence of only an old myocardial infarction. Ameduri testified that he believed that the cause of death was actually "an acute coronary event, which may have started the road onto a myocardial infarction," and that it was not observable during the autopsy because decedent died too quickly for it to be "pathologically express[ed]" before death.

"While the Board can certainly rely upon a medical opinion as to causation even if it is not absolute or certain, it is also free to disregard the medical evidence that it finds unconvincing" (*Matter of Donato v Taconic Corr. Facility*, 143 AD3d 1028, 1030 [2016] [citations omitted]; *see Matter of Norton v North Syracuse Cent. School Dist.*, 59 AD3d 890, 891 [2009]). In our view, the Board was justified in rejecting, as unsupported and speculative, Ameduri's opinion that the cause of death was an acute coronary event and, therefore, its finding that claimant

had not established a causal connection between decedent's employment and his death was supported by substantial evidence (*see Matter of Donato v Taconic Corr. Facility*, 143 AD3d at 1030; *Matter of Bailey v Binghamton Precast & Supply Corp.*, 103 AD3d at 994).[2]

Garry, J.P., Clark, Mulvey and Aarons, JJ., concur. Ordered that the decision is affirmed, without costs.

 ---

**2.** Although the Board further placed the burden on claimant to demonstrate that the stress that decedent experienced was greater than that experienced by similarly situated workers, this was done in error. "While the rule in cases of *mental injury* caused by work-related stress is that the stress must be greater than that which usually occurs in the normal work environment, benefits have nonetheless been awarded upon evidence that a heart attack or stroke was caused by work-related stress without a specific finding that the stress was greater than that which usually occurs in the normal work environment" (*Matter of Loftus v New York News*, 279 AD2d 657, 659 [2001] [citations omitted]; *see e.g. Matter of Roberts v Waldbaum's*, 98 AD3d 1211, 1211-1212 [2012]; *Matter of Provenzano v Pepsi Cola Bottling Co.*, 30 AD3d 930, 932 [2006]). However, inasmuch as the Board's finding of no causal connection between decedent's death and his employment is supported by substantial evidence, the error was harmless.