Matter of Nock v New York City Dept. of Educ. (2018 NY Slip Op 02693)





Matter of Nock v New York City Dept. of Educ.


2018 NY Slip Op 02693


Decided on April 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 19, 2018

525108

[*1]In the Matter of TYKEISHA D. NOCK, Appellant,
v
NEW YORK CITY DEPARTMENT OF EDUCATION, Respondent. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: February 22, 2018

Before: Garry, P.J., McCarthy, Devine, Mulvey and Rumsey, JJ.


Grey & Grey, LLP, Farmingdale (Stuti Desai of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York City (John Cording of counsel), for New York City Department of Education, respondent.


McCarthy, J.

MEMORANDUM AND ORDER
Appeal from a decision of the Workers' Compensation Board, filed August 24, 2016, which ruled that claimant did not sustain a causally-related injury and denied her claim for workers' compensation benefits.
Claimant, a school lunch helper, filed a claim for workers' compensation benefits claiming that she had sustained injuries to her spinal cord, lower back, legs, feet and thighs while
standing, cleaning tables and lifting heavy pans at work. The self-insured employer controverted the claim. Following a hearing, a Workers' Compensation Law Judge found that the employer's notice of controversy was untimely and established the claim for a work-related injury to claimant's back. On administrative review, the Workers' Compensation Board reversed, determining that claimant had not submitted proof that she had sustained a causally-related injury, and disallowed her claim.
We affirm. Initially, while the employer's failure to file a timely notice of controversy (see Workers' Compensation Law § 25 [2] [b]) precludes it from raising certain defenses, that does not "relieve claimant from [her] burden to demonstrate a causal relationship between [her] [*2]employment and medical condition" (Matter of Cunningham v New York City Tr. Auth., 122 AD3d 1042, 1042 [2014] [internal quotation marks, brackets and citation omitted]; see Matter of Lumia v City of N.Y., Off. of Queens Borough President, 21 AD3d 600, 601 [2005]). Further, claimant's threshold obligation to submit prima facie medical evidence, which the Board found she had satisfied, required only that she submit "a medical report referencing an injury, which includes traumas and illnesses" (12 NYCRR 300.1 [a] [9]; see 12 NYCRR 300.38 [g] [3]); a prima facie showing does not require that the "evidence draw a causal link between the injury and the claimant's employment" (Matter of Garti v Salvation Army, 80 AD3d 1101, 1102 [2011]). By comparison, in order to establish her claim for benefits, claimant bore the burden of demonstrating, "by competent medical evidence, that a causal connection existed between her injur[ies] and her employment" (Matter of Hansen v Saks Fifth Ave., 145 AD3d 1257, 1257 [2016] [internal quotation marks, brackets and citation omitted]; see Matter of Tucker v City of Plattsburgh Fire Dept., 153 AD3d 984, 985 [2017], lv denied 30 NY3d 906 [2017]). "Where . . . medical proof is offered to demonstrate that causal relationship, such proof must signify a probability as to the underlying cause of the claimant's injury which is supported by a rational basis" (Matter of Hansen v Saks Fifth Ave., 145 AD3d at 1257 [internal quotation marks and citations omitted]; see Matter of Granville v Town of Hamburg, 136 AD3d 1254, 1255 [2016]).
Claimant's medical evidence consisted solely of an August 2015 report from a physician indicating that she had a spinal injury and underwent surgery in November 2014, and recorded her subjective complaints and physical findings, while noting that her prognosis was "poor." The report contains no specific diagnosis, makes no mention of the history of her injury or how it related to her work for the employer and, while it makes reference to other medical providers and tests, no other evidence was submitted. Although the medical opinion need not be expressed with "medical certainty" (Matter of Tucker v City of Plattsburgh Fire Dept., 153 AD3d at 985 [internal quotation marks and citation omitted]), given claimant's failure to submit any medical evidence providing a causal link between her injury and her employment, we discern no basis upon which to disturb the Board's finding that she failed to establish her claim (see id. at 987-988).
Finally, claimant argues that it was improper for the Board to terminate her claim without providing her an opportunity to submit additional medical evidence. The Board did not outright deny her claim but, rather, disallowed the claim based on the record as it existed and declared that "[n]o further action is planned at this time." Thus, we do not read the Board's decision as precluding claimant from submitting further medical evidence of a causal relationship between her injury and employment (see Workers' Compensation Law § 123; Matter of Hartwell v Amphenol Interconnect Prods., 51 AD3d 1245, 1247 [2008] ["a designation that no further action is planned on a claim is not dispositive on the issue of closure, as that designation generally indicates that the claim is merely currently inactive"]; Matter of Buffum v Syracuse Univ., 12 AD3d 887, 888 [2004] [same]; compare 12 NYCRR 300.38 [g] [3] [ii]).
Garry, P.J., Devine, Mulvey and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.