Matter of Petesic v Fox 5 N.Y. (2019 NY Slip Op 05741)





Matter of Petesic v Fox 5 N.Y.


2019 NY Slip Op 05741


Decided on July 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 18, 2019

527542

[*1]In the Matter of the Claim of JULIE PETESIC, Appellant,
v
FOX 5 NEW YORK et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: June 4, 2019

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ.


Geoffrey Schotter, New York City, for appellant.
Cherry, Edson & Kelly, LLP, Melville (David W. Faber of counsel), for Fox 5 New York and another, respondents.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed March 12, 2018, which ruled, among other things, that claimant did not sustain a causally-related injury and denied her claim for workers' compensation benefits.
Claimant, a makeup artist, filed a claim for workers' compensation benefits in December 2013, asserting that, while at work, she had sustained multiple injuries from exposure to toxins and irritants, specifically, certain cleaning products. Claimant also filed a second exposure claim in February 2015, asserting that she contracted an airborne illness from dead rodents in her workplace, and prima facie medical evidence was later found for Bartonella bacteria. After a joint hearing on both claims, a Workers' Compensation Law Judge (hereinafter WCLJ) issued two separate decisions in August 2017 on her claims, only one of which is relevant in this appeal. With regard to her Bartonella claim, the WCLJ found that claimant failed to prove a causal link between her employment and the contraction of the disease and, therefore, denied said claim for workers' compensation benefits. Claimant thereafter filed an administrative appeal. In March 2018, the Workers' Compensation Board, among other things, upheld the WCLJ's decision with respect to the Bartonella claim. Claimant appeals.
As a preliminary matter, to the extent that claimant asserts that she was entitled to the presumption of compensability set forth in Workers' Compensation Law § 21, such presumption does not entirely relieve a claimant from the burden of establishing that his or her injury arose out of and in the course of the claimant's employment (see Matter of Williams v New York State Off. of Temporary Disability & Assistance, 158 AD3d 965, 966 [2018]; Matter of Devis v Mountain States Rosen LLC, 157 AD3d 1148, 1149 [2018]). Moreover, the statute is inapplicable "inasmuch as the determination as to causal relationship, or the lack thereof, in this [*2]matter was not based upon the presumption contained therein but, instead, upon the medical evidence and testimony adduced as part of the underlying hearing" (Matter of Donato v Taconic Corr. Facility, 143 AD3d 1028, 1029 [2016]; see Matter of Devis v Mountain States Rosen LLC, 157 AD3d at 1149).
Turning to the merits, "[t]he Board is empowered to determine the factual issue of whether a causal relationship exists based upon the record, and its determination will not be disturbed when supported by substantial evidence" (Matter of Bufearon v City of Rochester Bur. of Empl. Relations, 167 AD3d 1391, 1392 [2018] [internal quotation marks and citations omitted]; accord Matter of Kemraj v Garelick Farms, 164 AD3d 1504, 1504 [2018]; Matter of Park v Corizon Health Inc., 158 AD3d 970, 971 [2018], lv denied 31 NY3d 909 [2018]). It is a claimant's burden to demonstrate, by competent medical evidence, the causal connection or relationship between his or her employment and the claimed injury (see Matter of Turner v New York City Dept. of Juvenile Justice, 159 AD3d 1236, 1237 [2018]; Matter of Park v Corizon Health Inc., 158 AD3d at 971; Matter of Venditti v D'Annunzio & Sons, 128 AD3d 1303, 1304 [2015]). To that end, any medical opinion regarding causation must be rationally based and signify a probability, and not a general possibility, of the underlying cause (see Matter of Bufearon v City of Rochester Bur. of Empl. Relations, 167 AD3d at 1393; Matter of Levin v Rensselaer Polytechnic Inst., 164 AD3d 1505, 1505 [2018]; Matter of Park v Corizon Health Inc., 158 AD3d at 971; Matter of Corina-Chernosky v Dormitory Auth. of State of N.Y., 157 AD3d 1067, 1069 [2018]).
Claimant testified that she observed one live mouse or rat at her place of employment in November 2014, and that she touched what she believed to be mouse droppings in previous years. Claimant also testified that there was an odor of dead animals at her workplace that was contained to a stockroom to which only she had access. Claimant, however, acknowledged that she did not make any written complaint to her employer's human resources department regarding rodents or their droppings, and the employer's human resources director likewise confirmed that no complaints of that nature had been received. Claimant's supervisor, who had held that position for over 11 years at the time of the hearing, also testified that she had never observed rodents or their droppings in or around claimant's work space and that she was unaware of any reports of rodents from other employees on claimant's floor.
The physician who examined claimant at the end of December 2014 and treated her for Bartonella explained that Bartonella is an uncommon infection and that it is spread by the feces and urine of mice and rats, as well as farm animals. The physician testified that claimant described her exposure to rat and mouse droppings at work and that claimant denied having any rodents in her home. The physician also testified that he asked claimant about her travel history, and claimant did not report any travel to third-world countries or farm areas. Based on the information provided by claimant, the physician opined that there was a "distinct possibility" that claimant contracted Bartonella at work. When informed that claimant had previously traveled to Croatia,[FN1] the physician testified that he would consider parts of Croatia to be the developing world and, in his opinion, if claimant had been through the countryside in Croatia, it would be possible that she contracted Bartonella there. Further, the physician stated that, assuming that claimant had travelled to Croatia, he could not determine whether claimant contracted the disease at work.
Although there was medical testimony that could support a finding that claimant's contraction of Bartonella was causally related to her employment, it was within the Board's province to assess the credibility of the witnesses as well as the medical evidence presented. The medical testimony considered by the Board in this matter contained conflicting findings and equivocal narratives that stem, in part, from claimant's failure to be entirely forthcoming with the physician about her travel history. In light of claimant's failure to disclose this relevant [*3]information, the Board found that the physician's opinion as to causation was not reliable. The Board also found that claimant's exposure to rodents and their droppings at work was insignificant and, therefore, determined that claimant failed to establish her Bartonella claim. Because the Board's determination is supported by substantial evidence, we will not disturb it (see Matter of Bufearon v City of Rochester Bur. of Empl. Relations, 167 AD3d at 1393-1394; Matter of Tucker v City of Plattsburgh Fire Dept., 153 AD3d 984, 986-988 [2017], lv denied 30 NY3d 906 [2017]; Matter of Donato v Taconic Corr. Facility, 143 AD3d at 1029).
Garry, P.J., Egan Jr., Rumsey and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Claimant testified that she had traveled to Croatia in August 2013 for a three-week period and that she again visited a coastal region of that country in December 2014.