Matter of Fox v Altmar-Parish-Williamstown Cent. Sch. Dist. (2019 NY Slip Op 06827)





Matter of Fox v Altmar-Parish-Williamstown Cent. Sch. Dist.


2019 NY Slip Op 06827


Decided on September 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 26, 2019

527067

[*1]In the Matter of the Claim of Michelle E. (Nash) Fox, Claimant,
v
Altmar-Parish-Williamstown Central School District et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: September 5, 2019

Before: Garry, P.J., Lynch, Mulvey and Devine, JJ.


Falge, LaClair, Hvozda & Cassidy, PC, North Syracuse (John I. Hvozda of counsel), for appellants.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for respondent.



Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed October 13, 2017, which ruled, among other things, that claimant sustained a causally-related head injury with concussion and awarded workers' compensation benefits.
On October 11, 2012, claimant was injured when she fell while working as a school bus monitor. She was diagnosed with a concussion with a brief loss of consciousness, neck sprain and left hip contusion and sprain. Her subsequent claim for workers' compensation benefits was established for injuries to her neck and an aggravation of her left hip.[FN1] In November 2016, claimant sought medical treatment, complaining of headaches, dizziness and fatigue. A nurse practitioner diagnosed claimant with chronic posttraumatic headaches related to the 2012 concussion, as well as causally-related dizziness and vision changes, and recommended medication for claimant's headaches, physical therapy for claimant's dizziness and occupational therapy to address her vision changes. Claimant thereafter sought to have her claim amended to include a causally-related head injury. A Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant met her burden of establishing a causally-related head injury with concussion and amended the claim to include that injury.[FN2] The WCLJ authorized the medication prescribed for claimant's headaches and physical therapy related to her dizziness.[FN3] The Workers' Compensation Board affirmed the WCLJ's decision, and the employer and its workers' compensation carrier appeal.
"Claimant bore the burden of establishing, by competent medical evidence, that a causal connection existed between her injury and her employment" (Matter of Hansen v Saks Fifth Ave., 145 AD3d 1257, 1257 [2016] [internal quotation marks, brackets and citations omitted]; see Matter of Nock v New York City Dept. of Educ., 160 AD3d 1238, 1239 [2018]). Medical proof offered to demonstrate a causal relationship "must signify a probability as to the underlying cause of the claimant's injury which is supported by a rational basis" (Matter of Nock v New York City Dept. of Educ., 160 AD3d at 1239; see Matter of Norton v North Syracuse Cent. School Dist., 59 AD3d 890, 891 [2009]).
Claimant presented the nurse practitioner's report and the testimony of Claudine Ward, the physician who oversaw the nurse practitioner's work. According to the report and Ward's testimony, claimant's complaints of headache, dizziness and fatigue were causally related to the concussion that she suffered in 2012. Ward also testified, however, that in reaching this opinion, she had not examined claimant herself, and neither she nor the nurse practitioner had reviewed any of claimant's medical records from either the time prior to the incident on the bus or during the ensuing four years. Claimant's medical records reflect that she sought treatment for her injuries on October 15, 2012 with physician Jay Chapman. Notably, according to Chapman's report, claimant was taking medication for dizziness at the time of the incident, as well as being treated for depression, and Ward testified that symptoms of depression can mimic postconcussion symptoms. Ward also testified that had she been aware of claimant's history of dizziness when forming her finding of a causal relationship, she would have wanted to investigate whether claimant was undergoing related treatment at the time of the incident. Although the Board credited Ward's further testimony on the issue that the notation of Chapman regarding the ongoing treatment for dizziness could refer to medication prescribed by either emergency medical personnel or claimant's primary care physician immediately after the incident, such testimony is belied by claimant's 2012 application for benefits in which she indicated that she was not treated at the time of the incident and did not seek medical treatment for her injuries until her appointment with Chapman four days later.
In concluding that claimant's 2016 complaints were causally related to the 2012 incident, claimant's medical experts had not reviewed any of her medical records from prior to 2012, records that include a history of dizziness and other conditions that could mimic postconcussion symptoms. As these opinions were thus merely speculative, we cannot conclude that the finding of a causal relationship has a rational basis (see Matter of Norton v North Syracuse Cent. School Dist., 59 AD3d at 891). In the absence of competent medical evidence demonstrating a causal relationship between the 2012 incident and claimant's 2016 complaints, the Board's determination is not supported by substantial evidence and must be reversed (see Matter of Pinkhasov v Auto One Ins., 140 AD3d 1487, 1489 [2016]; Matter of Hartigan v Albany County Sheriff's Dept., 140 AD3d 1258, 1260 [2016]).
Lynch, Mulvey and Devine, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Claimant had undergone left hip replacement surgery in June 2012.

Footnote 2: It does not appear that claimant had any lost compensable time due to the 2012 incident, other than from July 27, 2016 to October 3, 2016, when she was out of work due to left hip surgery.

Footnote 3: The WCLJ denied claimant's request for occupational therapy due to vision changes as unsupported by the record.