■ In the Matter of the Claim of GEORGE BALTSAVIAS, Appellant, v CALDOR, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Casey, J. Appeal from a decision of the Workers' Compensation Board, filed November 20, 1985.

Claimant sustained injuries in work-related accidents in August 1975 and March 1977. Following each accident, claimant received medical treatment and returned to work. He lost no time due to the 1975 accident and the case was closed. Claimant received a schedule award arising out of the 1977 accident and that case was also closed. Both cases were subsequently reopened and restored to the calendar for development of the record concerning compensable lost time, treatment and permanency. The Workers' Compensation Board

ultimately determined that claimant had a permanent partial disability, apportioning 25% to the 1975 case and 75% to the 1977 case; awards made by the Workers' Compensation Law Judge were sustained, as was an allowance of $1,500 to claimant's former attorneys for past services. Claimant's appeal to this court was dismissed as untimely.

In the decision subject to this appeal, the Board made certain findings with respect to the carrier's responsibility for medical bills, sustained the finding as to the average weekly wage, and restored the cases to the calendar for development on the question of whether there has been a change in the degree of causally related disability since the prior classification. Claimant's brief presents a number of convoluted arguments, but the crux of these arguments seems to be the claim that he is and has been permanently and totally disabled as a result of each of the industrial accidents. This claim, however, is clearly outside the scope of this appeal. The nature and extent of claimant's disability was established in prior Board decisions, from which no timely appeal was taken, and the Board has yet to decide whether there has been any change in claimant's condition. Claimant's argument concerning the award of a legal fee to his former attorneys is similarly outside the scope of this appeal. To the extent that claimant challenges the Board's factual findings in the decision on appeal, our review of the record discloses substantial evidence to support the Board's decision. The decision should be affirmed.

Decision affirmed, without costs. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.