■ In the Matter of the Claim of YAENO E. WHITE, Respondent, v FUJI BANK, LTD., Respondent, and SOMPO JAPAN INSURANCE COMPANY OF AMERICA, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [777 NYS2d 821]—

Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed April 21, 2003, which ruled that no further development of the record was required.

Claimant, who was employed at the World Trade Center, suffered injuries due to the terrorist attacks on September 11, 2001. As a result, she applied for workers' compensation benefits. Her employer's workers' compensation carrier initially did not dispute the claim, and a Workers' Compensation Law Judge (hereinafter WCLJ) issued a decision on January 17, 2002 finding that claimant suffered a work-related injury. No appeal from that decision was taken. Ten months later, the carrier stopped paying benefits and requested that the matter be reopened, arguing that claimant was not acting in the scope of her employment that morning and, hence, her injuries were not work related. The carrier pointed to a January 14, 2002 medical evaluation indicating that claimant was not in the building but was near the basement door and elevator in the subway station when the second plane hit. Following a hearing, another WCLJ decided that no further action would be taken, as she lacked authority to alter the January 17, 2002 decision. The Workers' Compensation Board affirmed the WCLJ's decision, and the carrier appeals.

We affirm. The medical evaluation informing the carrier of

claimant's whereabouts at the time of her injury existed prior to the January 2002 WCLJ decision. The carrier not only failed to appeal from that decision but waited 10 months before requesting that the record be reopened. Under such circumstances, we perceive no abuse of discretion in the Board's refusal to allow further fact-finding (*see* Workers' Compensation Law § 123; *Matter of Rusyniak v Syracuse Flying School*, 37 NY2d 384, 390 [1975]; *Matter of McNamara v New Process Gear Div., Chrysler Corp.*, 43 AD2d 603 [1973]).

Cardona, P.J., Peters, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.