■ In the Matter of the Claim of DENISE BOLDS, Respondent, v PRECISION HEALTH, INC., Appellant, and UNINSURED EMPLOYERS' FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [792 NYS2d 673]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed October 6, 2003, which, inter alia, ruled that claimant sustained a causally-related injury and awarded workers' compensation benefits.

In 1996, claimant was injured in a car accident that occurred during the course of her employment with Precision Health, Inc. as a traveling x-ray technician. Following a number of hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for injuries to claimant's back, left arm and face, determined that Precision had no workers' compensation insurance on the date of the accident, awarded compensation at a rate of $300 per week from February 5, 1998, and ordered Precision to pay claimant's causally-related medical expenses. The Workers' Compensation Board affirmed. Although Precision thereafter requested vacatur and an opportunity to further develop the record, the Board denied review of issues that it had already decided and affirmed awards of $300 per week through May 24, 2001.

Subsequently, at a hearing on payroll evidence, Precision raised issues with respect to another automobile accident involving claimant in April 1999 and her request for breast reduction surgery to ease her back symptoms. Claimant testified that she reaggravated her back injury in the 1999 accident and reported that to her treating physician. Noting that the employer failed to submit any medical evidence regarding any subsequent injuries claimant may have suffered, however, the WCLJ denied the employer any additional opportunity to further develop the issue. The WCLJ indicated that Precision was free to schedule a medical examination of claimant, continued the weekly award of $300 from May 24, 2001 to October 11, 2001, ultimately set the average weekly wage permanently at $900.63 and authorized breast reduction surgery. Precision applied for Board review, seeking vacatur of all awards made after the 1999 accident. The Board denied this request and affirmed the WCLJ's decision. Precision appeals and we now affirm.

Initially, we reject Precision's argument that the Board improperly denied its request to reopen the record and vacate all prior awards made after April 1999. This matter originated in 1997 and involved four separate appeals to the Board by

Precision, none of which was appealed to this Court.* Precision's assertion that, contrary to her testimony at the hearing before the WCLJ and a bill of particulars submitted in a third-party action involving the April 1999 accident, claimant failed to timely disclose the accident to her treating physician, presented a credibility determination within the Board's sole province to resolve (*see Matter of Walker v Greene Cent. School Dist.*, 6 AD3d 965, 966 [2004]). Inasmuch as Precision was afforded a sufficient opportunity to investigate the claim but waited over two years before requesting an opportunity to further develop the record and submitted no medical evidence in connection with its request, we conclude that the Board's refusal to allow further development of the record or modify prior awards was not arbitrary and capricious (*see Matter of White v Fuji Bank, Ltd.*, 8 AD3d 817, 817-818 [2004]; *Matter of Druziak v Town of Amsterdam, Cranesville Fire Dept.*, 209 AD2d 870, 871-872 [1994], *lv denied* 85 NY2d 809 [1995]; cf. *Matter of Tomlin v L & B Contr. Indus.*, 307 AD2d 682, 683-684 [2003]).

Turning to the merits of the Board's award of benefits during the period from May 24, 2001 to October 11, 2001 and authorization of breast reduction surgery, the Board relied on the reports of claimant's treating physician that she continued to suffer a causally-related partial disability after the 1999 accident, as well as the recommendations of three physicians that breast reduction surgery would assist in claimant's recovery (*see* Workers' Compensation Law § 13 [a]). Despite the existence of evidence in the record to support a contrary result, we conclude that these medical reports provide substantial evidence for the Board's determination that claimant continued to suffer from a disability that was causally related to the 1996 accident, as well as for its decision to authorize breast reduction surgery (*Matter of Baker v Orange Heating & Cooling*, 9 AD3d 517, 518 [2004]). Claimant's remaining arguments have been examined and found to be either unpreserved for our review or otherwise lacking in merit.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* To the extent that Precision challenges the Board's decisions affirming awards made prior to May 24, 2001, its claims are beyond the scope of our review given its failure to timely appeal any of those decisions (*see* Workers' Compensation Law § 23; *Matter of Baltsavias v Caldor, Inc.*, 127 AD2d 895, 896 [1987], *lv dismissed* 70 NY2d 796 [1987], *appeal dismissed* 71 NY2d 889 [1988]).