■ In the Matter of the Claim of SALVATORE A. LAEZZO, Respondent, v NEW YORK STATE THRUWAY AUTHORITY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [896 NYS2d 257]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed June 2, 2008, which, among other things, ruled that claimant sustained consequential injuries as a result of a work-related accident and awarded workers' compensation benefits.

Claimant slipped and fell at work in 2002, and his ensuing workers' compensation claim presently encompasses, among other things, injuries to his head, neck, back and knees. His

morbid obesity has contributed to his knee and back problems and, in an effort to combat those problems and counter a broader threat to his survival, claimant sought authorization to undergo gastric bypass surgery. The Workers' Compensation Law Judge granted his request. Upon review, the Workers' Compensation Board affirmed, holding that the surgery was causally related to the compensable injuries. The employer and its workers' compensation carrier now appeal, arguing that there is no causal link between the surgery and claimant's injuries.

We affirm. The employer is obliged to pay for claimant's medical care "for such period as the nature of the injury or the process of recovery may require" (Workers' Compensation Law § 13 [a]; *see Matter of Spyhalsky v Cross Constr.*, 294 AD2d 23, 25-26 [2002]). There is evidence in the record that claimant has gained a substantial amount of weight since 2002 due to the sedentary lifestyle imposed by the compensable injuries. Claimant's treating orthopedic surgeon opined that claimant's back and knee pain was exacerbated by his obesity and that such could be alleviated by weight loss. An independent medical examiner agreed, opining that weight loss would "certainly" help those conditions. While material in the record before us could support a different result, substantial evidence exists for the Board's determination that claimant's weight gain was caused by his compensable injuries and that gastric bypass surgery "would assist in [his] recovery" (*Matter of Bolds v Precision Health, Inc.*, 16 AD3d 1007, 1009 [2005]; *see* Workers' Compensation Law § 13 [a]; *Matter of Spyhalsky v Cross Constr.*, 294 AD2d at 25-26).

We have examined the remaining contentions and find them to be without merit.

Spain, Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.