*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 23, 2016                    521072
_____

In the Matter of the Claim of
    MIKHAIL PINKHASOV,
                    Respondent,

        v

AUTO ONE INSURANCE,
                    Respondent,

        and                              MEMORANDUM AND ORDER

FIDELITY & DEPOSIT COMPANY OF
    MARYLAND, c/o ZURICH
    AMERICAN INSURANCE,
                    Appellant.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____


Calendar Date:  May 27, 2016

Before:  McCarthy, J.P., Rose, Devine, Clark and Aarons, JJ.

                    _____


        Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe
of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, New York City
(Donya Fernandez of counsel), for Workers' Compensation Board,
respondent.

                    _____


Clark, J.

        Appeal from a decision of the Workers' Compensation Board,
filed September 2, 2014, which ruled, among other things, that

claimant was entitled to temporary total disability benefits subsequent to the date of his lumbar fusion surgery.

On January 19, 2006, claimant was involved in a motor vehicle accident while driving a company vehicle during his employment. He applied for workers' compensation benefits and his claim was established for work-related injuries to his neck, back, right shoulder and right knee. In 2009, pursuant to a stipulation of the parties, a Workers' Compensation Law Judge (hereinafter WCLJ) ruled, among other things, that claimant was entitled to receive permanent partial disability benefits based on the schedule loss of use of his right arm and leg. The WCLJ indicated that no further action was planned and the case was closed.

Claimant's lower back pain worsened in 2011 and he experienced a fall resulting in his hospitalization. He had surgery on his lumbar spine on May 16, 2011 and again on July 15, 2011, both of which were covered by private insurance.[1] Claimant's workers' compensation claim was subsequently reopened based on a change in his medical condition. In March 2012, claimant's treating physician sought authorization to perform lumbar fusion surgery and, in May 2012, authorization was granted by an order of the chair of the Workers' Compensation Board. Claimant underwent lumbar fusion surgery on May 17, 2013.

Thereafter, additional proceedings were conducted before a WCLJ, at which time the employer's workers' compensation carrier disputed the causal relationship between the accident and claimant's medical treatment following the closure of the case. Nevertheless, without considering further evidence on this issue, the WCLJ, among other things, awarded claimant temporary total disability benefits subsequent to the date of his lumbar fusion surgery. On appeal, the Board panel upheld the WCLJ's decision, and the carrier now appeals.

---

[1] Claimant explained that he was unaware that his workers' compensation case could be reopened at the time and, consequently, utilized his private insurance.

"[U]nder the Workers' Compensation Law scheme, employers are required to pay for medical treatment, procedures, devices, tests and services . . . for employees who sustain causally related injuries 'for such period as the nature of the injury or the process of recovery may require'" (Matter of Kigin v State of N.Y. Workers' Compensation Bd., 109 AD3d 299, 306 [2013], affd 24 NY3d 459 [2014] [emphasis added], quoting Workers' Compensation Law § 13 [a]). Initially, the chair's May 2012 order authorizing claimant's surgery, which is not appealable (see Workers' Compensation Law § 23; 12 NYCRR 324.3 [d] [6]; 325-1.4 [a] [8]), is not dispositive of the issue presented here, as the controlling factor considered by the chair was whether the procedure was medically necessary (see Matter of Kigin v State of N.Y. Workers' Compensation Bd., 109 AD3d at 306; see also 12 NYCRR 324.3 [a] [1], [2]; 325-1.25 [a] [2]), not whether the condition necessitating the procedure was causally related to the compensable accident.

In raising the issue of causal relationship, the carrier argued that the condition precipitating claimant's lumbar fusion surgery could be related to his two 2011 lumbar surgeries or possibly to three prior automobile accidents that occurred before 2009. The carrier requested medical records pertaining to all of claimant's surgeries and his prior medical treatment. These records were not provided to the WCLJ prior to the issuance of his decision. However, during the pendency of the carrier's appeal, medical records relating to all of claimant's surgeries and his treatment following the May 16, 2011 surgery were disclosed and considered by Frank Hudacs, the physician who conducted an independent medical examination of claimant on behalf of the carrier.

In his report, Hudacs opined that claimant was temporarily totally disabled and stated that "the diagnosis given is causally related to the accident of 01/19/06 superimposed upon multiple prior injuries to the lower back that have been listed in prior reports." In a supplemental report, he added that "claimant's surgery to the lumbosacral spine on 5/16/11 was related to a fall that occurred at the claimant's home on 5/15/11." In our view, Hudacs' opinion does not constitutue a rational basis to support a determination that there is a "probability of a causal

relationship" between the January 19, 2006 accident and the conditions that necessitated claimant's surgeries (Matter of Dizenzo v Henderson & Johnson, 114 AD3d 1014, 1014 [2014]; see Matter of Perez v Mondial Tiles, Inc., 104 AD3d 998, 999 [2013]). Additionally, another physician who treated claimant for back pain after his 2011 surgeries indicated that claimant's residual symptoms were due to degenerative disc disease. Accordingly, in the absence of competent medical evidence establishing a causal relationship between claimant's medical condition at the time of his surgeries and the January 19, 2006 accident, we are compelled to find that the Board's decision awarding claimant temporary total disability benefits is not supported by substantial evidence (see Matter of Cunningham v New York City Tr. Auth., 122 AD3d 1042, 1043 [2014]; Matter of Anderson v New York City Dept. of Design & Constr., 121 AD3d 1146, 1147 [2014]; compare Matter of Bolds v Precision Health, Inc., 16 AD3d 1007, 1009 [2005]). In view of our disposition, we need not address the carrier's remaining claims.

McCarthy, J.P., Rose, Devine and Aarons, JJ., concur.


ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.




ENTER:

Robert D. Mayberger
Clerk of the Court