Matter of Morano v Hawthorn Health Multicare Ctr. (2021 NY Slip Op 02211)





Matter of Morano v Hawthorn Health Multicare Ctr.


2021 NY Slip Op 02211


Decided on April 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 8, 2021

531891
[*1]In the Matter of Cynthia Morano, Respondent,
v
Hawthorn Health Multicare Center et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:March 10, 2021

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

The Law Offices of Melissa A. Day, PLLC, Amherst (Shannan M. Mackey of counsel), for appellants.
Cole, Sorrentino, Hurley, Hewner & Gambino PC, Buffalo (William Pike of counsel), for Cynthia Morano, respondent.



Reynolds Fitzgerald, J.
Appeals (1) from a decision of a panel of the Workers' Compensation Board, filed January 21, 2020, which ruled that claimant's use of certain prescription drugs was causally related to her work-related injury, and (2) from a decision of the full Board, filed May 1, 2020, which adhered to the Board panel's decision.
In May 2014, claimant suffered a work-related injury to her back and her claim for workers' compensation benefits was established. Claimant thereafter had three surgeries on her lumbar spine between April 2016 and June 2017. In 2019, claimant's treating physician sought a variance from the Non-Acute Pain Medical Treatment Guidelines in order to prescribe the pain medication Lyrica. The physician also continued prescribing various other medications that claimant was currently taking, including gabapentin. The employer's workers' compensation carrier denied the variance request and sought a hearing on the causal relationship of Lyrica. At the hearing, the carrier argued that neither the need for Lyrica nor gabapentin were causally related to claimant's work injury, given that claimant had been prescribed the medications one month prior to her work-related injury. The Workers' Compensation Law Judge (hereinafter WCLJ) disagreed, finding that the need for Lyrica and gabapentin was causally related to claimant's work injury. A panel of the Workers' Compensation Board affirmed the WCLJ's decision, with one member dissenting. Following mandatory full Board review, the full Board adhered to the Board panel's decision that the carrier was liable for the cost of the medication. The employer and the carrier appeal from both the Board panel decision and the decision of the full Board.[FN1]
We affirm. The employer or its workers' compensation carrier must pay the cost of a claimant's medical treatment "for such period as the nature of the injury or the process of recovery may require" (Workers' Compensation Law § 13 [a]; see Matter of Koniak v Salamanca Bd. of Pub. Util., 139 AD3d 1290, 1292 [2016]). The record reflects that claimant was taking Lyrica and gabapentin prior to her work injury for unrelated conditions, including polyarthralgia. Claimant's physician testified that she was not treating claimant prior to her work injury. However, she testified that, although claimant had been prescribed the medication at issue prior to her treating claimant, in her opinion the medication is nonetheless needed to treat the lumbar pain caused by the work injury. Although the carrier's medical examiner found that the medications were either not causally related to claimant's work injury or unnecessary, the Board was "empowered to resolve the conflicting medical evidence and to credit the opinion of claimant's expert over the [carrier's] expert" (Matter of Byrnes v New Is. Hosp., 167 AD3d 1128, 1129 [2018]; see Matter of Caezza v Via Health, 111 AD3d 1033, 1034 [2013]). Consequently, we conclude that substantial evidence supports the Board's determination [*2]that claimant's need for the medication is causally related to her work injury and that the carrier must, therefore, bear the cost thereof during the period of claimant's recovery from that injury (see Workers' Compensation Law § 13 [a]; Matter of Laezzo v New York State Thruway Auth., 71 AD3d 1252, 1253 [2010]; Matter of Bolds v Precision Health, Inc., 16 AD3d 1007, 1009 [2005]).
Egan Jr., J.P., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the appeal from the decision filed January 21, 2020 is dismissed, without costs.
ORDERED that the decision filed May 1, 2020 is affirmed, without costs.



Footnotes

Footnote 1: As the Board panel's January 21, 2020 decision was superseded by the decision of the full Board, the appeal by the employer and the carrier from the Board panel decision must be dismissed (see Matter of Empara v New Rochelle Sch. Dist., 130 AD3d 1127, 1129 n [2015], lv denied 26 NY3d 911 [2015]).