Matter of Soler v Donato, Inc. (2023 NY Slip Op 02158)

Matter of Soler v Donato, Inc.

2023 NY Slip Op 02158

Decided on April 27, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 27, 2023

535327
[*1]In the Matter of the Claim of Wilfredo Soler, Appellant,
v
Donato, Inc., Respondent. Workers' Compensation Board, Respondent.

Calendar Date:March 28, 2023

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

The Perecman Firm, PLLC, New York City (Edward W. Guldi of counsel), for appellant.
Foley, Smit, O'Boyle & Weisman, Hauppauge (Theresa E. Wolinski of counsel), for Donato, Inc., respondent.

Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed April 8, 2022, which denied claimant's request for full Board review of the recission of a prior order of the Chair of the Workers' Compensation Board.
Claimant has an established claim and was awarded workers' compensation benefits for work-related injuries to his back and right hip, as well as a consequential right foot drop, stemming from an August 2017 accident. Following a hearing in August 2021, a Workers' Compensation Law Judge denied a request by claimant's treating physician seeking authorization to perform lumbar fusion surgery and postoperative physical therapy. Claimant did not appeal this decision. The following month, claimant's treating physician again sought authorization for the same surgery and postoperative therapy, which request was granted by a November 2021 order of the Chair of the Workers' Compensation Board. Upon a request for further action by the employer and its workers' compensation carrier, the Chair of the Board issued a rescission of the November 2021 order, thereby revoking the authorization that had been granted, upon the basis that the Workers' Compensation Law Judge's August 2021 decision had already denied the same authorization request made upon identical medical evidence. Claimant thereafter filed an application for Board review (form RB-89), challenging the Chair's rescission of its prior order authorizing the requested treatment. The Workers' Compensation Board denied claimant's application upon the basis that an order of the Chair is outside the scope of its review. Claimant appeals from the Board's decision.
We affirm. The Chair's November 2021 order authorizing claimant's surgery and her later order rescinding that authorization are not reviewable by the Board pursuant to Workers' Compensation Law § 23 (see 12 NYCRR 324.3 [d] [6]; 325-1.4 [a] [8]; Matter of Pinkhasov v Auto One Ins., 140 AD3d 1487, 1488 [3d Dept 2016]; Employer: United Parcel Service, 2010 WL 2426913, *2, 2010 NY Wrk Comp LEXIS 5080, *5-6 [WCB No. 3030 3791, June 10, 2010]). Accordingly, the Board properly denied claimant's appeal as being beyond the scope of its review. We note that such orders are nevertheless subject to review upon proper application (see Employer: Rochester City School Dist., 2019 WL 2324967, *2, 2019 NY Wrk Comp LEXIS 5628, *4-5 [WCB No. G004 5906, 7990 4013, May 29, 2019]). Claimant's remaining contentions, to the extent properly before us, are either academic or without merit.
Garry, P.J., Clark, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the decision is affirmed, without costs.