**Doe v Sweet Green, Inc.**

2026 NY Slip Op 30831(U)

March 3, 2026

Supreme Court, Kings County

Docket Number: Index No. 504820/2024

Judge: Richard J. Montelione

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At IAS Part 99 of the Supreme
Court of the State of New York,
Kings County, on the 3rd day
March of 2026

PRESENT: HON. RICHARD J. MONTELIONE, J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: PART 99

**DECISION AND ORDER**

-------------------------------------------------------------------X

JANE DOE,

Index No.: 504820/2024
Mot. Seq. 002

                Plaintiff,

      -against-

SWEET GREEN, INC., and JEAN ENCARNACION in his
individual and official capacity as supervisor for SWEET
GREEN, INC.,

                Defendants.

-------------------------------------------------------------------X

The following papers were read on this motion pursuant to CPLR 2219(a):

| Papers | Numbered |
|---|---|
| Plaintiff's First Amended Complaint............................................................................ | 15 |
| Defendants' Notice of Motion for Partial Dismissal of the First Amended Complaint pursuant to CPLR 3211 (a)(7); dismissing the Third, Fourth, Eighth, and Ninth causes of action in their entirety; dismissing the First, Fifth, and Seventh causes of action as against Defendant Sweetgreen; and for such other and further relief as the Court deems just and proper/Affirmation in Support affirmed by Lisa M. Griffith on October 31, 2024/Exhibits A: Summons and Complaint, Exhibit B: First Amended Complaint/Memorandum of Law in Support............................................................................................................. | 16-20 |
| Affirmation in Opposition affirmed by E. Dubois Raynor, Jr. on January 14, 2025/Memorandum of Law in Opposition/Exhibit 1: First Amended Complaint............ | 22-24 |
| Memorandum of Law in Reply.................................................................................... | 25 |
| Other................................................................................................................ | |

MONTELIONE, RICHARD J., J.S.C.

      This action was commenced on February 16, 2024, by the filing of a summons and complaint by plaintiff Jane Doe (Plaintiff) against defendants Sweetgreen, Inc. (incorrectly sued as Sweet Green, Inc.) (Sweetgreen) and Jean Encarnacion (Encarnacion), in his individual and official capacity as a supervisor for Sweetgreen, asserting claims for gender discrimination and hostile work environment under the New York State Human Rights Law (NYSHRL); and the New York City Human Rights Law (NYCHRL); gender-motivated violence under Section 10-1105 of Title 10 of the New York City Administrative Code also known as the Victim of Gender Motivated Violence Protection Law (VGMVPL); intentional infliction of emotional distress, negligent infliction of emotional distress, and negligent hiring and supervision, arising

[* 1]

1 of 7

*Jane Doe v Sweetgreen, Inc. et al.*, Index No. 504820/2024

from alleged workplace sexual harassment and sexual assault at Sweetgreen's 50 Washington Street, Brooklyn location.

Both defendants first appeared in this action and moved by notice of motion dated May 28, 2024, (Motion Seq. #2) for partial dismissal of the complaint. Thereafter, defendants withdrew their motion and the parties stipulated to plaintiff filing an amended summons and complaint. Plaintiff filed a First Amended Complaint on October 1, 2024.

Defendants now move for partial dismissal of the First Amended Complaint (Motion Seq. #2) pursuant to CPLR 3211(a)(7), for an order dismissing the Third, Fourth, Eighth, and Ninth causes of action of the First Amended Complaint in their entirety, and dismissing the First, Fifth, and Seventh causes of action as against defendant Sweetgreen, Inc. only.

### Background

Plaintiff Jane Doe is a 19-year-old former employee of defendant Sweet Green, Inc., a foreign corporation that operates a Sweetgreen restaurant located at 50 Washington Street in Brooklyn, New York, where she alleges in her First Amended Complaint that she was subjected to sexual harassment and a violent sexual assault by her supervisor, defendant Jean Encarnacion. (NYSCEF Doc No. 15, ¶¶ 4–6, 26, 34–36.)

Plaintiff alleges that when she was 17 years old, Encarnacion interviewed her for employment at the Sweetgreen location but denied her the job, telling her she had to be 18 years old to work there, and that this denial was motivated by his predatory desire to wait until she was of age so that he could sexually harass her. (NYSCEF Doc No. 15, ¶¶ 9–10.)

Plaintiff further alleges that, after plaintiff turned 18, Encarnacion, acting within the scope of his official duties as a Sweetgreen supervisor, hired her to work at the restaurant, where over the course of approximately one year he constantly subjected her to unwanted sexual harassment. (NYSCEF Doc No. 15, ¶¶ 11–12.)

Plaintiff asserts that on or about January 3, 2024, while she was working at the 50 Washington Street location, Encarnacion, then approximately 39 years old and plaintiff's supervisor, lured her into a conference room under the pretext that she was required to watch a video on sexual discrimination in the workplace and once there attempted to rape her, biting, strangling, and choking her as she tried to resist and scream for help, before she eventually escaped and went into hiding in a state of shock. (NYSCEF Doc No. 15, ¶¶ 7, 12–15.)

Plaintiff further alleges that after she reported the incident to the police, Sweetgreen went into "aggressive and heavy damage control," temporarily suspending Encarnacion but then using its connections with retired law enforcement and its corporate influence to discourage or prevent rape charges and to secure dismissal of criminal charges against Encarnacion, while refusing for a time to provide the police with Encarnacion's full name, address, work schedule, or the conference-room video, and ultimately destroying that video. (NYSCEF Doc No. 15, ¶¶ 16–23.)

Plaintiff alleges that as a result of Encarnacion's sexual and violent assault and Sweetgreen's alleged conduct, she has suffered immense physical and emotional injury and that

2 of 7

[* 2]

*Jane Doe v Sweetgreen, Inc. et al.,* Index No. 504820/2024

her sexual assault resulted from Sweetgreen's deliberate indifference to the safety of its women employees, including its failure to supervise, and its negligent hiring and retention of Encarnacion, whom it placed and kept in a supervisory position that enabled the underlying harm. (NYSCEF Doc No. 15, ¶¶ 24.)

## Discussion

Plaintiff contends that the partial motion to dismiss specific causes of action must be denied because, under the liberal standard applicable to CPLR 3211(a)(7), the Court must accept as true her allegations that Encarnacion repeatedly harassed her, then attempted to rape her at the workplace, and that Sweetgreen both knew of and acquiesced in this hostile environment and later affirmatively sought to conceal the assault and obstruct law enforcement. Moreover, plaintiff argues that employment-discrimination claims are evaluated under a particularly relaxed notice-pleading standard and that her detailed factual allegations easily satisfy that threshold.

Defendants respond that even under a lenient notice-pleading standard, purely conclusory allegations cannot survive a motion to dismiss and that plaintiff fails to allege facts showing that Sweetgreen became a "party" to Encarnacion's alleged harassment within the meaning of the NYSHRL, the NYCHRL, or the VGMVPL. Specifically, defendants argue that Sweetgreen cannot be held strictly liable for Encarnacion's alleged acts, that the NYSHRL and NYCHRL do not create a private civil remedy for alleged violations of Penal Law § 195.05, that the VGMVPL does not impose vicarious liability on employers, that sexual assault is outside the scope of employment for respondeat-superior purposes, and that plaintiff's negligence-based claims are barred by Workers' Compensation Law § 29(6).

## Legal Analysis

On a motion to dismiss under CPLR 3211(a)(7), the Court must afford the complaint a liberal construction, accept the alleged facts as true, accord plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. (*See Leon v Martinez*, 84 NY2d 83, 87 [1994]). "Bare legal conclusions, factual claims flatly contradicted by the record, or legal conclusions or factual claims which are inherently incredible are not entitled to any such consideration" (*Browne v Lyft, Inc.*, 219 AD3d 445, 446 [2d Dept 2023] [internal citations omitted]). "Dismissal is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery". *Id.* "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss." (*Margarita v Mountain Time Health, LLC*, 240 AD3d 584, 585 [2d Dept 2025], quoting *Silvers v Jamaica Hosp.*, 218 AD3d 817, 818 [2d Dept 2023]).

### Plaintiff's First, Third and Fourth Causes of Action Under the State and City Human Rights Laws

Both the State and City Human Rights Laws prohibit an employer from discriminating on the basis of gender. *See* Executive Law § 296, and Administrative Code of the City of NY § 8-107(1). However, the elements required to state a cause of action under each statute differ. To plead gender discrimination under the NYSHRL, a plaintiff must allege that she is a member of a

3 of 7

[* 3]

*Jane Doe v Sweetgreen, Inc. et al.,* Index No. 504820/2024

protected class, was qualified to hold the position, suffered an adverse employment action, and that the adverse action occurred under circumstances giving rise to an inference of discrimination. *See Bilitch v New York City Health & Hospitals Corp.,* 194 AD3d 999, 1001 [2d Dept 2021]. Unlike the NYCHRL, the NYSHRL does not impose vicarious liability on an employer for an employee's discriminatory acts unless the employer became a party to the discrimination by encouraging, condoning, or approving it. *See Matter of Totem Taxi v New York State Human Rights Appeal Bd.,* 65 NY2d 300, 305 [1985]; *see also, Doe v Bloomberg, L.P.,* 36 NY3d 450, 456 [2021].

Under the NYCHRL, plaintiff must allege that she is a member of a protected class, was qualified to hold the position, was subjected to an unfavorable change in the terms and conditions of employment or treated less well than other employees, and that the change or differential treatment occurred under circumstances giving rise to an inference of discrimination. In contrast to the NYSHRL, the City Human Rights Law does impose vicarious liability on employers for their employee's unlawful discriminatory practice where "(1) the employee or agent exercised managerial or supervisory responsibility..." (*see Doe,* 36 NY3d 450, 454-455). Moreover, the NYCHRL is to be construed "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible" *See Romanello v Intesa Sanpaolo, S.p.A,* 22 NY3d 881, 885 [2013].

In this case, there is no dispute that plaintiff, a then 18-year-old woman of Black/African descent who was hired by defendant Encarnacion to work at the subject Sweetgreen location, is a member of a protected class and qualified for her position. (NYSCEF Doc No. 15, ¶¶ 4, 7-9). Thus, the remaining inquiry for this Court is whether plaintiff has sufficiently plead the last two elements of a prima facie case of employment discrimination under the State and City Human Rights Laws, namely that she was subjected to an adverse action or unfavorable change in the terms and conditions of her employment, or treated less well than other employees under circumstances giving rise to an inference of discrimination on the basis of her gender.

In *Forrest v Jewish Guild for the Blind,* 3 NY3d 295 [2004], the Court of Appeals defined an adverse employment action as follows:

> "[a]n adverse employment action requires a materially adverse change in the terms and conditions of employment. To be materially adverse, a change in working conditions must be 'more disruptive than a mere inconvenience or an alteration of job responsibilities. A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices...unique to a particular situation'" (*Forrest,* 3 NY3d at 306, quoting *Galabaya v New York City Bd. of Educ.,* 202 F.3d 636 [2d Cir. 2000]).

Accepting the facts as alleged in the amended complaint as true, and affording plaintiff the benefit of every favorable inference, plaintiff has not adequately pled the elements of a cause of action under the NYSHRL. Specifically, plaintiff has not sufficiently pled that she was the subject of an adverse employment action by Sweetgreen as defined by the Court of Appeals in

4 of 7

*Jane Doe v Sweetgreen, Inc. et al.,* Index No. 504820/2024

*Forrest.* There are no allegations that plaintiff was terminated or demoted as a result of reporting the attempted rape to the police. There are no allegations that plaintiff's wages or scheduled hours were decreased, or that, for instance, she was transferred to a less desirable Sweetgreen location. In short, there are no factual allegations at all pertaining to the conditions of plaintiff's employment during the alleged years-long sexual harassment and even after the attempted rape. *See Golston-Green v City of New York,* 184 AD3d 24, 36-37 [2d Dept 2020] [Finding that plaintiff failed to demonstrate an adverse employment action where there was no demotion, decreased salary, diminution in responsibilities, or loss of benefits. Similarly, a plaintiff claiming a hostile work environment under the NYSHRL must show that the workplace is "permeated with discriminatory intimidation, ridicule, and insult…that was sufficiently severe or pervasive to alter the conditions of…employment and create an abusive working environment" *Oluwo v Sutton,* 206 AD3d 750, 179-180 [2d Dept 2022]. Moreover, since plaintiff has failed to sufficiently plead all of the elements required, that branch of the motion in which Sweetgreen seeks dismissal of the First and Third causes of action under the NYSHRL is granted as to Sweetgreen. These claims are similarly dismissed as against defendant Encarnacion as he is alleged to be an employee and not an employer. (NYSCEF Doc. 15, ¶¶ 6-7).

That branch of the motion in which defendants seek dismissal of the Fourth cause of action under NYCHRL, predicated on Sweetgreen's alleged suppression of evidence and refusal to cooperate with police, is also granted. The City Human Rights Law prohibit discrimination, harassment, and retaliation in employment, housing, education, and places of public accommodation; they do not create a private right of action for alleged violations of Penal Law § 195.05 or otherwise transform alleged obstruction of a criminal investigation, standing alone, into an independent civil-rights claim. *See* NY Exec. Law §§ 290–296; NYC Admin Code § 8-107.

<u>Plaintiff's Fifth Cause of Action As Asserted Against Sweetgreen Under the Victims of Gender Motivated Violence Protection Law</u>

Defendant Sweetgreen further seeks dismissal of the Fifth cause of action under the Victims of Gender Motivated Violence Protection Law (NYC Admin Code § 10-1101) as asserted against it. The VGMVPL provides a civil cause of action to "[a]ny person claiming to be injured by a party who commits, directs, enables, participates in, or conspires in the commission of a crime of violence motivated by gender," (NYC Admin Code § 10-1104) and defines a "crime of violence" to include acts that would constitute a misdemeanor or felony under state law regardless of whether charges are brought (NYC Admin Code § 10-1103). Additionally, to establish a violation of the VGMVPL, plaintiff must demonstrate that the alleged act was due "in part because of plaintiff's gender" *see Breest v Haggis,* 180 AD3d 83, 85 [1st Dept 2019].

The parties do not dispute that the allegation of sexual assault and attempted rape set forth by plaintiff are sufficient to state a claim under the VGMVPL. (*See Breest,* 180 AD3d at 86 [holding that allegations of sexual assault and rape are sufficient to state a claim under the VGMVPL without additional allegations of gender animus]). The principal dispute between plaintiff and Sweetgreen as it relates to this cause of action is whether the statute contemplates holding private employers such as Sweetgreen liable for the crime committed by an employee. Plaintiff argues that it does where a plaintiff has sufficiently pled that the employer aided and

[* 5]

*Jane Doe v Sweetgreen, Inc. et al.*, Index No. 504820/2024

abetted the employee's conduct through enabling, participating in, or conspiring in the commission of the crime. By contrast, Sweetgreen argues that the VGMVPL claims are typically asserted only against individual perpetrators.

The New York City Council enacted the VGMVPL in response to the United States Supreme Court decision, *United States v Morrison*, 529 US 598 [2000], which struck down a key provision of the 1994 Violence Against Women Act (VAWA) that provided a federal cause of action to victims of gender-based violence against perpetrators. Recognizing this "void" created by the *Morrison* Court, the council affirmed the importance of a private right of action for victims of gender-motivated violence and stated, "[t]his private right of action aims to resolve the difficulty that victims face in seeking court remedies by providing an officially sanctioned and legitimate cause of action for seeking redress for injuries resulting from gender-motivated violence." NYC Admin Code § 10-1102. However, the council did not state an intent that liability under this statute should extend to employers. Moreover, this Court finds that adopting plaintiff's reading and holding employers like Sweetgreen vicariously liable for gender-motivated crimes would be a significant departure from longstanding New York law. As set forth more fully below, New York courts have consistently held that sexual assault and rape are outside of the scope of employment and as a result employers cannot be held vicariously liable. *See N.X. v Cabrini Med. Ctr.*, 97 NY2d 247, 251–252 [2002]. Accordingly, that branch of the defendants' motion seeking to dismiss the Fifth cause of action as asserted against it under the VGMVPL is granted as to Sweetgreen only.

<u>Plaintiff's Seventh, Eighth and Ninth Causes of Action As Asserted Against Sweetgreen</u>

That branch of the motion in which defendant Sweetgreen seeks dismissal of the Seventh cause of action for intentional infliction of emotional distress (IIED) is granted. Under New York law, an employer may be held vicariously liable for an employee's intentional tort only where the tortious conduct is within the scope of employment and in furtherance of the employer's business. Sexual assaults motivated by personal reasons are, as a matter of law, outside the scope of employment. *N.X. v Cabrini Med. Ctr.*, 97 NY2d 247, 251–252 [2002]; *See also Browne*, 219 AD3d 445 at 446. "Similarly, the employer is not vicariously liable where the employee's tortious conduct could not have been reasonably expected by the employer" *Carnegie v J.P. Phillips, Inc.*, 28 AD3d 599, 600 [2d Dept 2006].

Defendant further moves to dismiss plaintiff's Eighth cause of action for negligent infliction of emotional distress (NIED) and the Ninth cause of action for negligent hiring and supervision as asserted against both Sweetgreen and Encarnacion arguing that both claims are barred by Workers' Compensation Law § 29(6). Workers' Compensation Law § 29(6) ordinarily provides the exclusive remedy for an employee against an employer or co-employee for injuries sustained in the course of employment. *See Macchirole v Giamboi*, 97 NY2d 147, 149-150 [2001]; NY Work Comp § 29(6). However, the exclusivity bar does not apply where, as here, the complaint alleges that the employer itself committed, directed, or intentionally participated in a deliberate act that produced the injury. *O'Connor v Midiria*, 85 AD2d 896, 896–897 [2d Dept 1981].

Here, plaintiff alleges that Sweetgreen ignored Encarnacion's harassment, deliberately failed to supervise or remove him from a position of authority, and became a party to

6 of 7

[* 6]

*Jane Doe v Sweetgreen, Inc. et al.,* Index No. 504820/2024

Encarnacion's sexual harassment and assault by allegedly concealing the video of the incident. (NYSCEF Doc. No. 15 ¶¶ 21-24). However, these allegations do not provide any factual basis to support the claim that Sweetgreen directed or intentionally participated in the actions of Encarnacion, or that they should have reasonably expected his conduct. There are no allegations in plaintiff's complaint that she reported Encarnacion's harassment to anyone at Sweetgreen so as to put them on notice of his misconduct. *See Carnegie.* 28 AD3d 599, 600. Thus, the intentional tort exception to the exclusivity bar of Workers' Compensation Law § 29(6) is inapplicable.

Accordingly, that branch of the motion in which defendants seek dismissal of the Eighth cause of action for negligent infliction of emotional distress and the Ninth cause of action for negligent hiring and supervision is granted.

For the foregoing reasons, it is hereby

ORDERED, that defendants' motion pursuant to CPLR 3211(a)(7) seeking partial dismissal of specific causes of action (MS#2) is granted to the following extent: plaintiff's First, Third, and Fourth causes of action are dismissed as to both SWEETGREEN, INC. and JEAN ENCARNACION; and it is further

ORDERED, that plaintiff's Fifth cause of action as asserted against SWEETGREEN, INC. only is dismissed; and it is further

ORDERED, that plaintiff's Seventh cause of action for intentional infliction of emotional distress as asserted against SWEETGREEN, INC. only is dismissed; and it is further

ORDERED, that plaintiff's Eighth and Ninth causes of actions as asserted against both SWEETGREEN, INC. and JEAN ENCARNACION are dismissed; and it is further

ORDERED that all other requests for relief are denied.

This constitutes the decision and order of the Court.

ENTER

Hon. Richard J. Montelione, J.S.C.

[* 7]