Matter of Clement v Colwell Bros.

2026 NY Slip Op 03341

May 28, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of the Claim of George Clement, Claimant,

v

Colwell Brothers et al., Appellants. Workers' Compensation Board, Respondent.

Decided and Entered:May 28, 2026

CV-24-1878

Calendar Date: April 22, 2026

Before: Aarons, J.P., Reynolds Fitzgerald, Powers, Corcoran And Ryba, JJ.

Habberfield Kaszycki, LLP, Buffalo (Matthew R. Musial of counsel), for appellants.

Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for respondent.

[*1]

Powers, J.

Appeal from a decision of the Workers' Compensation Board, filed October 15, 2024, which ruled that claimant was entitled to hearing diagnostic testing.

In 1989, claimant established a workers' compensation claim for an occupational disease of binaural hearing loss, for which he received a 23% schedule loss of use award. In 2022, liability for the claim was transferred to the Special Funds pursuant to Workers' Compensation Law § 25-a for, among other things, medical treatment and care, as necessary. In 2023, Sarah Sugden, an audiologist, filed a prior authorization request seeking approval for diagnostic testing, including a tympanometry and a comprehensive audiometry threshold evaluation and speech recognition. Attached to such request were claimant's test results from hearing evaluations in March 2021 and March 2022, indicating that claimant had severe hearing loss for conversational speech in both ears and moderate sloping to a profound bilateral sensorineural hearing loss, with the recommendation that claimant have a hearing re-evaluation in a year or sooner. Special Funds, at both Level 1 and Level 2 reviews, denied the request for the diagnostic testing. Thereafter, Sugden requested a Level 3 adjudication review for the requested diagnostic testing.

Following a hearing, a Workers' Compensation Law Judge authorized the diagnostic testing, finding that the evidence established that such tests were causally related and medically necessary. Upon administrative appeal, the Workers' Compensation Board, in a decision filed October 15, 2024, affirmed.FN1 Special Funds and the employer (hereinafter collectively referred to as the carrier) appeal.

We affirm. An employer and/or carrier has a duty to provide medical treatment to an employee for an established injury (see Workers' Compensation Law § 13 [a]; Matter of Smith v Tompkins County Courthouse, 60 NY2d 939, 940 [1983]; Matter of Morano v Hawthorn Health Multicare Ctr., 193 AD3d 1222, 1223 [3d Dept 2021]). "Whether a particular medical treatment is appropriate . . . and should be authorized is a factual issue for the Board to resolve, and its determination in this regard will be upheld if supported by substantial evidence" (Matter of Matteliano v Trinity Health Corp., 194 AD3d 1227, 1228 [3d Dept 2021] [citations omitted]). "In assessing whether substantial evidence supports the Board's determination of that issue, we are mindful that the Board is . . . free to accept or reject all or part of medical evidence that is offered as well as determine the weight to be given thereto" (Matter of Foster v New York State Off. of Children & Family Servs., 246 AD3d 1199, 1200 [3d Dept 2026] [internal quotation marks, brackets and citations omitted]; see generally Matter of Nappi v Bell Atl. Corp./NYNEX, 284 AD2d 877, 879 [3d Dept 2001]).

Contrary to the carrier's contention, the request for the diagnostic testing was not simply based on timing, i.e., that the diagnostic testing was "due." Rather, a review [*2]of Sugden's request for the diagnostic testing specifically stated that the March 2021 and March 2022 testing results reflected that claimant had severe hearing loss for conversational speech in both ears and moderate sloping to a profound bilateral sensorineural hearing loss, and that a hearing re-evaluation was recommended in a year or sooner. Although the carrier asserts that the Board is deviating from its prior precedent, as the carrier noted, each application must be addressed on a case-by-case basis on its own facts and the cases relied upon by the carrier were decided based upon the sufficiency of the particular medical documentation submitted (see Employer: The Guardian Life Ins., 2024 WL 3468523, *4-5, 2024 NY Wrk Comp LEXIS 4431, *8-11 [WCB No. 0951 5796, July 15, 2024]; Employer: The New York & Presbyterian, 2022 WL 1125183, *5-6, 2022 NY Wrk Comp LEXIS 2074, *9-13 [WCB No. G240 5272, Apr. 11, 2022]; Employer: Victor Excavating Inc, 2019 WL 424861, *2-3, 2019 NY Wrk Comp LEXIS 849, *6-8 [WCB No. G130 2573, Jan. 24, 2019]). Here, we are satisfied that the information provided in Sugden's medical narrative, which medical evidence the Board credited, was sufficient to support the Board's finding that the requested diagnostic testing was causally related and medically necessary as part of the continuing treatment and care for claimant's binaural hearing loss condition (see generally Matter of Byrnes v New Is. Hosp., 167 AD3d 1128, 1129 [3d Dept 2018]).

Aarons, J.P., Reynolds Fitzgerald, Corcoran and Ryba, JJ., concur.

ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1

The carrier's subsequent application for reconsideration and/or full Board review was denied.